388 So.2d 592 (1980)
Jack ALEXANDER, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 79-38.
District Court of Appeal of Florida, Fifth District.
September 10, 1980.
Rehearing Denied October 7, 1980.
John R. Overchuck of Maher, Overchuck & Langa, Orlando, for appellant.
Reinald Werrenrath, III of Akerman, Senterfitt & Eidson, Orlando, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order denying a directed verdict and from the resultant final judgment in an uninsured motorists coverage case wherein declaratory relief was sought. We reverse.
The question on appeal is whether there was sufficient evidence of non-compliance with the insurance policy requirements. We find the evidence insufficient to support the carrier's allegation.
Jack Alexander was the victim of an accident in Kentucky where a car forced his *593 car off the road. His car was damaged and he was injured. The next day, within twenty-four hours of the accident, Allstate was notified of the accident. The police were not notified. The insurance policy required: "The accident must be reported within twenty-four hours to the proper authorities. We must be notified within thirty days." Appellee, Allstate, urges the failure of the insured to report the accident to the police breached the policy requirement of reporting "to the proper authorities." Appellant says the policy is ambiguous because it does not define or explain what "proper authorities" means. While we quite agree the policy would be clearer if it said what it obviously meant-police-we do not need to decide the question of whether the policy is ambiguous. A lot of litigation would be unnecessary if insurance policy drafters would try to write without using ambiguous phrasing. Why not say the word police when that is what is meant? Or if the drafter likes to use many words where one would suffice, he could say "notify that governmental authority charged with the investigation of motor vehicle collisions" or some such bloated phraseology. In any event, it is our determination that the failure to notify the police was not required of this insured because there was inadequate proof he had ever received the insurance policy which set out that requirement and even if there was proof of delivery, there was no prejudice to Allstate because of the failure to notify.
Jack Alexander testified he never received the policy before the accident and the first time he saw the policy was after the accident when he went to Sears to get a copy of one. To rebut the testimony of Alexander, Allstate provided testimony from William Lipford, a claims representative for Allstate. He is not a sales agent for Allstate but he said he was familiar with the procedure of Allstate and how the agents sent out policies. He said the Alexander policy was a new edition of the standard auto policy and after extensive objection and voir dire by Alexander's lawyer, he was permitted to testify about the business practices of the sales agents for Allstate. It is Allstate's position that Lipford's testimony was sufficient to prove delivery of the policy and cites the following question and answer as an important portion of his testimony:
Q And is it fair to conclude then from what you are telling us that because of the fact that on January 1, '77, Allstate changed all its automobile insurance policies, that the people in Florida who were insured with Allstate at that time were routinely sent the policies that are identical to Plaintiff's Exhibit One, that brown policy?
A Yes, sir.
It is our conclusion the insurance claims representative, also called adjuster, was not proved to be qualified to testify as to the usual business practices of the sales agents and their separate offices and that Lipford's testimony was insufficient, even if he were qualified, to prove the policy was delivered to Alexander. His testimony is thus legally incompetent. In order to prove a fact of evidence of usual business practices, it must first be established that the witness is either in charge of the activity constituting the usual business practice or is well enough acquainted with the activity to give the testimony. Mastan Co., Inc. v. American Custom Homes, Inc., 214 So.2d 103 (Fla. 2d DCA 1968); Holt v. Grimes, 261 So.2d 528 (Fla. 3d DCA 1972). This adjuster was not shown to be so qualified. Additionally, proof of practice, habit, or custom alone does not constitute performance of an act on a specific occasion; there must also be some proof that practice was followed in the particular circumstance. Bernstein v. Liberty Mutual Insurance Company, 294 So.2d 63 (Fla. 3d DCA 1974). Therefore, just because this adjuster presumed it was done because to his knowledge it was always done does not prove it was done.
The nature of the accident and the testimony of a policeman at trial leads to the conclusion that even if the accident was reported to the police, the benefit to the insurance company was so remote that it was not prejudiced by the failure to report *594 the accident. This accident happened at night on a country road, far from a town; the insured could not identify the vehicle with any substantial degree of particularity and no "tracks" or leads to the vehicle were thought to have been left by the hit-and-run vehicle. This latter fact was put in evidence by an expert police witness. Because Allstate knew of the accident within twenty-four hours, did not investigate it for some four months after it occurred and no physical evidence was likely to have been discovered, Allstate was not really prejudiced by the lack of notification to the police.
The judgment for appellee is reversed and this cause is remanded for entry of judgment for appellant and such further proceedings as are necessary.
FRANK D. UPCHURCH and SHARP, JJ., concur.