KLEIN, J.
Appellant filed a rule 3.850 motion, asserting that his trial counsel was ineffective for failing to properly object to BellSouth telephone records which were significant to the state’s proof. This court affirmed appellant’s conviction, holding that appellant’s counsel’s “lack of foundation” objection was insufficiently specific to support the argument raised on appellant’s appeal, which was that the witness who testified as to BellSouth’s business records was not the proper person to do so.
In our opinion affirming appellant’s conviction, Jackson v. State, 738 So.2d 382 (Fla. 4th DCA 1999), we pointed out that if the proper objection had been raised by defense counsel, the state might have been able to correct the deficiency by asking additional questions of the witness or calling another witness.
The trial court denied appellant’s rule 3.850 motion without a hearing based on the arguments contained in the state’s response, one of which was that if the proper objection had been raised, the state could have cured the problem. Appellant would *723 therefore not have been prejudiced under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Although the state may have a good point, an evidentiary hearing is necessary to determine if this evidence would have been admitted if the proper objection had been made. We therefore reverse for an evidentiary hearing on that issue.
HAZOURI and MAY, JJ., concur.