877 So.2d 816 (2004)
Gernard L. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2167.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*817 Robert H. Trachman of Law Offices of Robert H. Trachman, Ft. Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In Jackson v. State, 738 So.2d 382 (Fla. 4th DCA 1999), we affirmed Gernard Jackson's convictions for kidnapping, robbery with a firearm, armed burglary, and misdemeanor battery. We held that Jackson's attorney had failed to preserve an objection to records produced by BellSouth. Id. at 385-86. Those records showed that on the night of the crimes, a phone call was made from the victims' home phone to a pager assigned to Jackson. Id. at 384.
Jackson moved for post-conviction relief, arguing that his trial counsel was ineffective for failing to properly object to the BellSouth records. The circuit court denied the motion without a hearing. We reversed, and remanded for an evidentiary hearing "to determine if [the] evidence would have been admitted if the proper objection had been made." Jackson v. State, 831 So.2d 722, 723 (Fla. 4th DCA 2002).
The circuit court held an evidentiary hearing and concluded that the BellSouth records would have been admitted, even if the proper objection had been made. The court observed that BellSouth was not a party to the litigation, and therefore had "absolutely no reason" to provide false or incorrect information. We affirm.
The witness who testified at the hearing was a "qualified witness" to testify about the records. § 90.803(6)(a), Fla. Stat. (2002).
Jackson complains that the record introduced "was prepared specifically for trial." However, "[c]omputer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness *818 of the product." Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974) (emphasis omitted). Data compiled and presented in printouts prepared for trial may be admissible under the business records exception, even though the printouts themselves are not kept in the ordinary course of business. See United States v. Fujii, 301 F.3d 535, 539 (7th Cir.2002).[1] The fact that the information was printed out at the request of a party to the lawsuit does not "deprive the printouts of its business-record character." Id.
United States v. Linn, 880 F.2d 209 (9th Cir.1989), abrogated on other grounds by Florida v. White, 526 U.S. 559, 119 S.Ct. 1555, 143 L.Ed.2d 748 (1999), is instructive. There, the defendant objected to the admission into evidence of a computer printout which recorded a 6:29 p.m. telephone call from the co-defendant's hotel room to the defendant's hotel room. The defendant challenged the admissibility of the computer printout as "an untrustworthy record." The Ninth Circuit characterized the argument as "frivolous," noting that the "record" was generated automatically, and was retained in the ordinary course of business, as records of outgoing telephone calls regularly are. Id. at 216.
Linn is consistent with federal cases that have admitted computer business records when the records are kept pursuant to a routine procedure to ensure accuracy, are not mere accumulations of hearsay or uninformed opinion, and were created for a motive that would ensure accuracy. See, e.g., United States v. Catabran, 836 F.2d 453, 457-58 (9th Cir.1988).
Applying Linn and Catabran, we do not find that the trial court abused its discretion in ruling that the records here were admissible. The BellSouth witness testified that every call was automatically "tagged" by computer and that the computer sent to the billing records every phone call that originated from a given number. At midnight, each day's billing records were archived. The records were kept in the ordinary course of business. There is an obvious motive for accuracy in billing records. The information about the phone call on the night of the crime was extracted from the archived records in response to the subpoena.
AFFIRMED.
STONE, GROSS and HAZOURI, JJ., concur.
NOTES
[1] Rule 803(6) of the Federal Rules of Evidence, the federal business records exception rule, is substantially similar to Florida's version, pursuant to section 90.803(6)(a).