PER CURIAM.
Thelma and Deena Weisenberg appeal a summary final judgment of foreclosure in favor of Deutsche Bank, claiming that the loan servicer’s affidavit constituted inadmissible hearsay. We find that the affidavit complied with the requirements of the business records exception and affirm.
In support of its motion for summary judgment, the bank filed the affidavit of Cynthia Stevens, a supervisor at the bank’s servicing agent, American Home Mortgage Servicing, Inc., who stated that appellants owed in excess of $444,000. After deposing Stevens, appellants moved to strike her affidavit, claiming she did not have sufficient personal knowledge of the matters sworn to in the affidavit. The trial court denied the motion to strike and entered a final judgment of foreclosure.
Business records may be admitted under section 90.803(6) if the proponent of the evidence demonstrates the following through a records custodian or other qualified person:
(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.
Yisrael v. State, 993 So.2d 952, 956 (Fla.2008).
In Glarum v. LaSalle Bank National Ass’n, 83 So.3d 780 (Fla. 4th DCA 2011), we found that the affidavit of a loan servicing specialist constituted inadmissible hearsay where the specialist could not state in his deposition whether the records he relied upon were made in the regular course of business. He “did not know who, how, or when the data entries were made into [the servicer’s] computer system.” Id. at 782. He had “[n]o idea” who made the entries when payments were made or when the account needed to be updated. Id. Nor did he know whether there was a department that input account activity into the databases. The specialist had a total lack of knowledge as to how his company’s own data was produced.
Unlike in Glarum, the deposition excerpts show that Stevens knew how the data was produced. Stevens testified that the cashiering department was responsible for collecting and applying payments. Information relating to the servicing of the loans was kept in a program known as the mortgage servicing platform, which she relied on to verify the specific figures in her affidavit. Her testimony demonstrated that she was familiar with the bank’s record-keeping system and had knowledge of how the data was uploaded into the system.
*1113 In sum, we find that the affidavit satisfied the business records exception. As such, we affirm the denial of appellants’ motion to strike and affirm the final judgment of foreclosure.

Affirmed.

POLEN, GROSS and LEVINE, JJ„ concur.