WARNER, J.
During the trial of appellant for third-degree grand theft, the court permitted a part-time store clerk to testify regarding how a store receipt showing the value of the goods stolen was generated. The defendant objected based upon the clerk’s lack of personal knowledge, but the trial court admitted the receipt as a business record. Because the clerk was not qualified to testify concerning the receipt, the court erred in admitting the receipt as a business record. We reverse.
Lassonde was arrested and later charged for stealing $384.82 worth of merchandise from a Publix Supermarket, in violation of section 812.014, Florida Statutes (2010). At trial, the state called three Publix employees as witnesses. The first two employees were inventory specialists who observed Lassonde in the store pushing her cart and engaging in suspicious conduct.
The third Publix employee witness was a part-time customer service clerk. He tes-tiffed that he encountered and spoke to Lassonde several times on the evening of the alleged theft. Eventually, the customer service clerk witnessed Lassonde walk out of the store with the bagged merchandise and head out into the parking lot towards the road. The manager on duty at the time then went out and intercepted Lassonde and the cart.[1]
The prosecutor presented the clerk with a receipt and asked the clerk to identify it. Over the objection that the clerk lacked knowledge both as to the generation of that particular receipt as well as the business practices of Publix, the clerk was allowed to testify that when a theft occurs, the stolen goods are re-rung on a closed register. This generates a normal sales receipt. Each employee who is operating a register has a number which is recorded on the receipt, so the clerk was able to identify the number of the employee on the receipt as being a person named Travis, not himself. The receipt indicates that it was generated around the time Las-sonde was in the store. The testifying clerk did not himself scan the items taken from Lassonde’s cart, and he did not testify that he observed the items being scanned. The court nevertheless admitted the store receipt as a business record. That receipt provided the evidence of the value of the goods taken by Lassonde.
In her defense, Lassonde testified that she was on medication and did not remember going to the Publix. When she realized that she was in the store with groceries but no means to pay for them, she tried to call her boyfriend to bring her some money. She could not reach him on a cell phone, so she went looking for a pay phone. While she was doing this, she was stopped by the manager. She claimed that she did not leave the store with the groceries.
*662 The jury found Lassonde guilty of theft, and the court convicted her and sentenced her to thirty days in jail followed by two years of probation and ordered her to pay $18.35 in restitution to Publix. She appeals.
Lassonde claims on appeal that the trial court erred in overruling her objection to the admission of the receipt as a business record through the testimony of the part-time customer sendee clerk. “The standard of review for admissibility of evidence is abuse of discretion. However, a trial court’s discretion is limited by the rules of evidence.” Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001) (citation omitted).
Section 90.803(6)(a), Florida Statutes (2011), provides that the following business records are admissible regardless of the availability of the person who created the record:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness.
Accordingly, “[t]o secure admissibility under this exception, the proponent must show that (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.” Yisrael v. State, 993 So.2d 952, 956 (Fla.2008). Additionally, the proponent is required to present this information in one of three formats: having a records custodian testify to the predicate requirements; by stipulation of the parties to the admissibility of the document as a business record; or, by a statutory certification that complies with sections 90.803(6)(e) and 90.902(11), Florida Statutes (2011). Id.
The customer service clerk’s testimony does not meet the requirements of Yisrael. While the clerk was able to testify as to how the store re-rings merchandise stolen from the store, this was not his duty nor within his responsibilities. He did not operate the register on that date and did not observe that this receipt was a record of the merchandise in Lassonde’s cart. He also stated that it was a receipt like any other sales receipt. While he could identify the employee who generated the receipt, he could not and did not testify as to whether this was a receipt of the merchandise in Lassonde’s cart.
“In order to prove a fact of evidence of usual business practices, it must first be established that the witness is either in charge of the activity constituting the usual business practice or is well enough acquainted with the activity to give the testimony.” Alexander v. Allstate Ins. Co., 388 So.2d 592, 593 (Fla. 5th DCA 1980); see also Cooper v. State, 45 So.3d 490, 492-493 (Fla. 4th DCA 2010). In Alexander, the court found that an Allstate insurance adjuster who testified that he was familiar with Allstate’s procedures and how sales agents send out policies was not qualified to testify as to the business practices of the sales agents to prove delivery of an insurance policy. Relying on Alexander, the court in Specialty Linings, Inc. *663 v. B.F. Goodrich Co., 532 So.2d 1121, 1121-22 (Fla. 2d DCA 1988), held that a general manager of a product division was not qualified to introduce a computerized billing statement sent to its customers. The manager was not the custodian of the statement; was not in charge of the business activity (billing) to which he was testifying; did not prepare the billing statements; and was not familiar with any transaction on any particular billing statement. In contrast, in Cooper, a general manager of a Verizon store who was trained in all matters with respect to the methods of cell phone transmission and accounts maintained by Verizon, including how cell phone transmissions were tracked on Verizon records, was allowed to testify as a qualified person to admit Verizon’s records of defendant’s cell phone. 45 So.3d at 493.
We glean from these cases that a qualified person to introduce business records, other than the records custodian, must be a person who, by the very nature of that person’s job responsibilities and training, knows and understands the business records sought to be introduced.
Here, the court allowed a part-time customer service clerk who had no responsibilities regarding the business practices of Publix to become the qualified witness to introduce the receipt as a business record. We conclude that the court erred in admitting the receipt through this witness. Not only was he not qualified, but he had no personal knowledge that this was the receipt for the goods in Lassonde’s cart.
We recognize that the state was in a difficult position, because the manager of the store did not appear to testify, and the state undoubtedly intended to use him to identify the receipt and testify as to how it was created. The manager had apprehended Lassonde, and we assume was the one to direct the creation of the receipt. Nevertheless, the rules of evidence must be observed.
We thus reverse the conviction and sentence and remand for a new trial.
GERBER and LEVINE, JJ., concur.

. The manager did not show up to trial to testify and was held in contempt of court.