WETHERELL, J.
Robert Lindsey, Joseph Adams, and Mark Swee (“the borrowers”) appeal the summary final judgment of foreclosure entered in favor of Cadence Bank, N.A. (“the bank”). The borrowers argue that (1) the trial court erred in granting the bank’s motion for summary judgment because the amended affidavit submitted by the bank to establish the amount due on the loan (a) raised a disputed issue of fact as a result of an internal inconsistency in the affidavit and (b) was based on inadmissible hearsay; and (2) the award of attorney’s fees in the judgment was not supported by competent substantial evidence. We affirm issue (l)(a) without further comment, and for the reasons that follow, we affirm issue (l)(b) and reverse in part and remand with directions on issue (2).
Factual and Procedural Background
In May 2005, the borrowers borrowed $400,000 from the bank and gave the bank a mortgage on a parcel of land in Franklin County as security for the loan. In July 2011, the bank filed a two-count complaint against the borrowers; count I sought to foreclose the mortgage and count II sought a judgment for the amount due on the loan. The bank subsequently filed an amended complaint asserting the same two counts.
The amended complaint alleged that the borrowers defaulted on the loan by failing to make payments when due. The borrowers admitted in their answer that they “have not made certain of the payments that [the bank] has demanded of them,” but they denied the bank’s allegations regarding the amount due on the loan.
The bank filed a motion for summary judgment supported by several affidavits, including the amended affidavits of Corne *1166 lia Wiley and Frank Bondurant. Ms. Wiley’s affidavit is pertinent to issue (l)(b) and Mr. Bondurant’s affidavit is pertinent to issue (2).
Ms. Wiley was an assistant vice president with the bank and was responsible for handling the bank’s delinquent loans. Among other things, Ms. Wiley’s amended affidavit attested to the amount due on the borrowers’ loan. The affidavit stated in pertinent part:
I have reviewed the records available to [the bank] reflecting the status of indebtedness due upon the promissory note, mortgage and modification of mortgage .... The records are kept in the normal course of business of the [the bank] and reflect timely recordation of payments made, interest due and other accountings related to the account. The records of the account are maintained in the [the bank]’s computer system which is specifically designed for banking and to track and reconcile accounts such as that of the [borrowers]. The system automatically maintains account balances and each payment that is received from the [borrowers] or anyone else on their behalf is entered into the system by our loan processing center employees. Copies of the relevant portions of these records are attached as Composite Exhibit “A”.
Based upon my review of these records, I have determined that there is presently .due and owing to [the bank] principal in the amount of $366,344.36, interest as of July 31, 2013, in the amount of $64,095.01, and late fees in the amount of $102.53.
Several computer printouts pertaining to the borrowers’ loan were attached to Ms. Wiley’s affidavit.
Mr. Bondurant was one of the attorneys who represented the bank in the trial court. His amended affidavit, dated August 2, 2013, contains a detailed listing of the work he performed and the 28.45 hours he spent on this case from March 2012 through the date of the affidavit. Additionally, under the heading “estimated time to complete,” the affidavit listed 3.5 hours of additional work that Mr. Bondu-rant expected to perform after the date of the affidavit, including drafting the summary final judgment, attending the summary judgment hearing, preparing the notice for the expected public sale of the property, attending the sale, and preparing the certificates of sale and title for the property. The fee award requested by the bank for Mr. Bondurant’s work included all 31.95 hours listed on his affidavit at a rate of $175 per hour.
The borrowers filed a response in opposition to the bank’s motion for summary judgment, along with the transcript of Ms. Wiley’s deposition. The response argued that Ms. Wiley’s amended affidavit was insufficient to establish the amount due on the loan because her deposition testimony showed that she did not have sufficient knowledge of the bank’s computerized loan processing system to establish the foundation necessary to admit the computer printouts she relied on in her affidavit under the business records exception to the hearsay rule. The response also argued that there was no evidentiary basis to award fees for the items listed in Mr. Bondurant’s affidavit under the “estimated time to complete” heading.
The trial court held a hearing on the bank’s motion and, thereafter, entered a summary final judgment foreclosing the mortgage and awarding the bank approximately $452,500. This amount included all of the principal, interest, late charges, and other costs set forth in Ms. Wiley’s affidavit, and all of the attorney’s fees set forth in Mr. Bondurant’s affidavit. The borrowers timely appealed the summary final judgment to this court.
*1167 Analysis
Summary judgment is proper “if the pleadings and summary judgment evidence [ie., affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence] on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c); see also Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1106 (Fla. 4th DCA 2010). All affidavits in support of a motion for summary judgment “shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Fla. R. Civ. P. 1.510(e).
“The burden is upon the party moving for summary judgment to establish that there is no issue of material fact and that he is entitled to judgment as a matter of law.” Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975). The opposing party is not required to file a counter-affidavit to defeat the motion, but if the moving party meets its burden of proof, it is “incumbent upon the party against whom the judgment is sought to demonstrate, by affidavit or otherwise, the existence of an issue of material fact in order to avoid having a summary judgment rendered against him.” Id.; see also Landers v. Milton, 370 So.2d 368, 370 (Fla.1979) (“[O]nce [the moving party] tenders competent evidence to support his motion, the opposing party must come forward with counterevidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist.”).
Issue (l)(b) — Amount of Indebtedness
The assertion in Ms. Wiley’s amended affidavit regarding the amount due on the borrowers’ loan is based solely upon her review of the information in the bank’s computerized loan processing system that is contained in the printouts attached to her affidavit. The printouts are hearsay and, thus, the affidavit cannot support the summary final judgment unless the printouts would be admissible under an exception to the hearsay rule.
The bank contends that the printouts are admissible under section 90.803(6), Florida Statutes, which provides an exception to the hearsay rule for records maintained in the ordinary course of business. For records to be admissible under this exception, the party seeking to introduce the records must show that:
(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was regular practice of that business to make such a record.
Yisrael v. State, 993 So.2d 952, 956 (Fla.2008). Testimony from the person who prepared the record or the custodian of the record is not necessary, but “the witness through whom a document is being offered must be able to show each of the requirements for establishing a proper foundation.” Mazine v. M & I Bank, 67 So.3d 1129, 1132 (Fla. 1st DCA 2011); see also Lassonde v. State, 112 So.3d 660, 663 (Fla. 4th DCA 2013) (explaining that “a qualified person to introduce business records, other than the records custodian, must be a person who, by the very nature of that person’s job responsibilities and training, knows and understands the records sought to be introduced”); cf. Hunter v. Aurora Loan Sens., LLC, 2014 WL 847477 (Fla. 1st DCA Mar. 4, 2014) (finding testimony of employee of loan servicing company insufficient to admit bank’s rec *1168 ords showing ownership of the note where employee was not a current or former employee of the bank and lacked knowledge of the bank’s record-keeping procedures).
The borrowers contend that Ms. Wiley was not competent to establish the requisite foundation to admit the computer printouts under the business records exception, and in support of this argument, they rely primarily on Glarum v. LaSalle Bank Nat’l Ass’n, 83 So.Bd 780 (Fla. 4th DCA 2011). In response, the bank relies primarily on Weisenberg v. Deutsche Bank Nat’l Trust Co., 89 So.3d 1111 (Fla. 4th DCA 2012). We find the circumstances of this case to be more like Weisenberg than Glarum.
In Glarum, the court found that the affidavit of an employee of the loan servicing company was insufficient to lay the requisite foundation under the business records exception for the loan balance reflected in the company’s computer system because it was clear from the employee’s deposition that he “did not know who, how, or when the data entries were made into [the] computer system.” See 83 So.3d at 782. By contrast, in Weisenberg, the court found that the affidavit of a supervisor for the bank’s servicing agent was sufficient to lay the foundation under the business records exception for the loan balance reflected in the servicing agent’s computer system because the supervisor’s deposition testimony “demonstrated that she was familiar with the bank’s record-keeping system and had knowledge of how the data was uploaded into the system.” See 89 So.3d at 1112.
Here, the summary judgment evidence shows that Ms. Wiley was familiar with how the bank’s computerized loan processing system worked by virtue of her position as an assistant vice president with the bank responsible for handling delinquent loans. For example, she explained in her amended affidavit that the system “automatically maintains account balances and each payment that is received from the [borrowers] or anyone else on their behalf is entered into the system by [the bank’s] loan processing center employees;” and she testified in her deposition that loan payments are entered into the system “as the transaction is happening” and the loan records are updated within 24 hours to reflect the transaction.
The fact that Ms. Wiley testified in her deposition that she did not personally oversee the operation of the computer system, that she was not personally responsible for posting payments to the system, and that she did not know the identity of the particular person who entered each transaction reflected on the printouts attached to her affidavit, does not mean that Ms. Wiley is incompetent to establish a foundation for its admission under the business records exception. Indeed, as the court noted in the Glarum case relied on by the borrowers, “[t]he law does not require an affiant who relies on computerized bank records to be the records custodian who entered or created the data, nor must the affiant identify who entered the data into the computer.” See 83 So.3d at 782 n. 2.
In sum, Ms. Wiley demonstrated a sufficient understanding of the bank’s computerized loan processing system to establish the foundation necessary to admit the printouts attached to her amended affidavit under the business records exception. Accordingly, contrary to the borrowers’ argument, the trial court did not err in relying on Ms. Wiley’s affidavit to establish the amount due on the loan, and because the borrowers did not submit any counter-affidavits or other evidence refuting the assertions in Ms. Wiley’s affidavit, the trial court properly entered summary judgment in favor of the bank.
*1169 Issue (2) — Attorney’s Fees
The borrowers also challenge several aspects of the attorney’s fees award in the summary final judgment. We find merit in their argument that there is no competent substantial evidence to support that portion of the award related to the 3.5 hours under the “estimated time to complete” heading in Mr. Bondurant’s amended affidavit. We reject the borrowers’ challenges to other aspects of the fee award without further comment.
The summary judgment evidence submitted by the bank to support the fee award included (1) affidavits from the attorneys who performed the work detailing the tasks performed, the time spent on the tasks, and each attorney’s hourly rate, and (2) an affidavit from an attorney who reviewed the files and time records in this case, was familiar with the experience, reputation, and prevailing hourly rates for the bank’s attorneys, considered the factors contained in the Rules of Professional Responsibility, and provided an opinion as to a reasonable fee for this case. These affidavits provide the requisite evidentiary support for the fee award in this case in all respects, except one: the award of fees for the “estimated time to complete” certain tasks.
This court addressed a similar situation in Monson v. Monson, 712 So.2d 770 (Fla. 1st DCA 1998). The attorney’s fee award in that case was based on an affidavit submitted before the final hearing that included an estimate of the time that would be required for hearing preparation, the final hearing, and post hearing matters. Id. The opposing party objected because the affidavit did not represent actual time. Id. This court reversed, noting that the record substantiated the time actually spent in the final hearing, but not any of the other time set forth in the affidavit upon which the fee award was based. Id.
Here, the bank argues that the record substantiates at least two hours of the 3.5 hours listed under the “estimated time to complete” heading because the summary final judgment has been drafted (1.0 hours), and the hearing has been held and the proof of publication has been filed (1.0 hours). The problem with this argument is that even though the record reflects that these tasks have been completed, it does not reflect whether the tasks took the amount of time estimated in the affidavit or whether the tasks were performed by Mr. Bondurant or someone else in his firm at a lower hourly rate. The same is true of the other tasks listed under the “estimated time to complete” heading; for example, the affidavit estimated that it would take Mr. Bondurant a total of 0.5 hours (at $175 per hour) to draft a certificate of sale and a certificate of title even though these tasks could likely have been performed by a paralegal at a lower hourly rate since there are statutory forms for the certificates. See § 45.031(4)-(5), Fla. Stat.
Accordingly, even though the remainder of the fee award is adequately supported by the record, we agree with the borrowers that there is no competent substantial evidence to support $612.50 (ie., 3.5 hours at $175 per hour) of the award. On remand, the trial court shall reduce the judgment by this amount or, upon the bank’s motion, conduct further proceedings on its request for attorney’s fees for work in the trial court since the date of Mr. Bondu-rant’s affidavit.
Conclusion
In sum, for the reasons stated above, we reverse a portion of the attorney’s fee award in the summary final judgment and remand for entry of an amended judgment consistent with this opinion or, upon the bank’s motion, further proceedings on this issue. We affirm the summary final judgment in all other respects.
*1170 AFFIRMED in part; REVERSED in part; REMANDED with directions.
ROBERTS and OSTERHAUS, JJ., concur.