TUTER, JACK, Associate Judge.
Loyal and Lori Cayea appeal the trial court’s entry of a final judgment of foreclosure in CitiMortgage, Inc.’s (“Citi”) favor following a bench trial. The entirety of the Cayeas’ arguments center on the court’s admission of Citi’s payment records at trial. We find no error in the court’s admission of certain bank records which complied with the requirements of the business records exception and affirm.
At trial, Citi called Michael Windsor, an employee of its default research and litigation department, as a witness. Mr. Windsor testified the Cayeas had been in default on their loan since April of 2009. Citi then sought to admit a summary of the Cayeas’ payment history after Mr. Windsor confirmed that the entries in the payment history were made contemporaneous with payment. The Cayeas’ attorney objected and asked to voir dire the witness about the payment summary. The court granted the request, and the following transpired:
Q: Now the document that you have in front of you, this is a document that was created for purposes of this trial?
A: It’s just a general payment history and yes it was created for purposes of this trial on paper.
Q: It’s a summary?
A: Generally yes a summary of everything that’s been paid by the borrowers as well as by Citi on behalf of the borrowers.
Q: The summary of the transactions, right?
A: Right.
Q: CitiBank doesn’t keep this form, the records in this form?
A: There’s a few different systems that we have payment history available in this is one of the versions.
*1216 Q: Okay. But this is printed for purposes of this trial?
A: . Yes.
After their brief voir dire of the witness, the Cayeas reasserted their objection to the admission of the payment history on the grounds that it lacked foundation. Citi responded that the document was a printout from its system, and met all requirements of the business records exception. The court then asked the witness: “This was prepared for this trial, actually you pushed d button on the computer and it was spit out and you want to use that for this trial, is that correct?” The witness responded: “Yes, this is actually from our system Citi that comprises all this information.”
The witness went on to testify that it was the regular business practice of Citi to input payments into its system upon receipt and payments were entered into Citi’s system, “Citilink,” by employees of its payment processing department. He further testified that the payment processing department had two groups — one which monitored electronic payments and one which monitored payments by mail— each of which were responsible for posting their respective payments into the proper account in Citilink. Lastly, the witness testified that such entries were kept in the ordinary course of business activity at Citi and it was the ordinary business practice of Citi to keep individual records for each loan. After this testimony, the court overruled the objections and admitted the documents.
This Court reviews a trial court’s ruling on the admissibility of evidence for an abuse of discretion. Hayes v. Wal-Mart Stores, Inc., 938 So.2d 124, 126 (Fla. 4th DCA 2006). However, a trial court’s discretion is limited by the rules of evidence. Id.
The Cayeas argue that the trial court abused its discretion when it allowed Citi to introduce their loan payment histoiy because: 1) the payment history was a “summary” and did not meet the standards for a business record; 2) therefore Mr. Windsor’s testimony regarding the payment history constituted hearsay; and 3) even if the payment record was a business record, the lender failed to lay the proper foundation for its admission. Citi counters that the court properly admitted the payment history into evidence under the business record exception.
Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801 (l)(c), Fla. Stat. (2012). Hearsay is inadmissible unless it falls within a recognized exception. See § 90.802, Fla. Stat. Florida’s business-records exception appears in section 90.803(6)(a) of the Florida Evidence code, which defines a “business record” as:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term “business” as used in this paragraph includes a business, institution, association, profession, occupation, and calling *1217 of every kind, whether or not conducted for profit.
§ 90.803(6)(a), Fla. Stat.
“Summaries” of such business records may be admitted so long as the summary is authenticated by the party who prepared it and the presenting party complies with the notice requirements set forth in section 90.956. McKown v. State, 46 So.3d 174, 175 (Fla. 4th DCA 2010). See § 90.956, Fla. Stat. (2012) (“When it is not convenient to examine in court the contents of voluminous writings, recordings, or photographs, a party may present them in the form of a chart, summary, or calculation by calling a qualified witness”).
Although the Cayeas claim that the printout was a “summary” within the meaning of section 90.956, we disagree. The totality of Mr. Windsor’s testimony establishes that he did not review a voluminous amount of documents and create a synopsis of the documents especially for purposes of the trial, rather he merely printed out data kept by the lender in its payment posting system. Printouts of data prepared for trial may be admitted under the business records exception even if the printouts themselves are not kept in the ordinary course of business so long as a qualified witness testifies as to the manner of preparation, reliability, and trustworthiness. Jackson v. State, 877 So.2d 816, 817-18 (Fla. 4th DCA 2004). Indeed, loan payment history printouts, if properly authenticated, are routinely admitted as a business record in foreclosure cases. See, e.g., WAMCO XXVIII, Ltd. v. Integrated Elec. Env’ts., Inc., 903 So.2d 230, 233 (Fla. 2d DCA 2005) (affirming the admission of loan payment history as a business record). The printout was not admitted pursuant to section 90.956 and, therefore, the notice provisions of that section do not apply.
Instead, the court properly admitted the printout of the loan payment history as a business record. To secure admissibility of a business record the proponent must show that:
(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.
Yisrael v. State, 993 So.2d 952, 956 (Fla. 2008). This foundation may be established in one of three ways. Id. “First, the proponent may take the traditional route, which requires that a records custodian take the stand and testify under oath to the predicate requirements.” Id. (citing § 90.803(6)(a), Fla. Stat. (2004)). “Second, the parties may stipulate to the admissibility of a document as a business record.” Id. “Third and finally, since July 1, 2003, the proponent has been able to establish the business-records predicate through a certification or declaration that complies with sections 90.803(6)(c) and 90.902(11), Florida Statutes (2004).” Id. at 957. It is important to note that the authenticating witness need not be “the person who actually prepared the business records.” Cooper v. State, 45 So.3d 490, 492 (Fla. 4th DCA 2010). Rather, the witness just need be well enough acquainted with the activity to provide testimony. Id. at 493 (quoting Alexander v. Allstate Ins. Co., 388 So.2d 592, 593 (Fla. 5th DCA 1980)).
This Court has dealt with similar business record custodian issues in Weisenberg v. Deutsche Bank National Trust Co., 89 So.3d 1111 (Fla. 4th DCA 2012), and Glarum v. LaSalle Bank National Association, 83 So.3d 780 (Fla. 4th DCA 2011).
Glarum dealt with affidavits which were used by the bank in support of a motion for summary judgment. Id. at 782. In that case, the custodian testified in a depo *1218 sition that he did not know who entered the data into the computer and he could not verify that the entries were correct at the time they were made. Id. In reversing the summary judgment entered in favor of the bank, we explained that the specialist’s affidavit constituted inadmissible hearsay because “[h]e relied on data supplied by [the loan servicer] with whose procedures he was even less familiar” and as such, the bank failed to present competent substantial evidence of the amount owed under the mortgage. Id. at 783.
In Weisenberg, we held that the trial court did not err in finding that a loan servicer’s affidavit regarding the borrower’s indebtedness met the requirements of the business records exception. 89 So.3d at 1112. In doing so, we recognized Gla-rum, but distinguished it on the grounds that there, “[t]he specialist had a total lack of knowledge as to how his company’s own data was produced.” Id. Conversely, in Weisenberg, the affiant’s deposition testimony illustrated that the affiant knew how the data was produced. Id. Specifically, the affiant “testified that the cashiering department was responsible for collecting and applying payments. Information relating to the servicing of the loans was kept in a program known as the mortgage servicing platform which she relied on to verify the specific figures in her affidavit.” Id. From this testimony, we held that the affiant “demonstrated that she was familiar with the bank’s record-keeping system and had knowledge of how the data was uploaded into the system.” Id. Thus, the affidavit qualified under the business record exception. Id. at 1113.
Here, unlike Glarum, Citi’s records custodian, Mr. Windsor, did not have a complete lack of understanding as to how the loan payment data was recorded. Rather, just like in Weisenberg, Mr. Windsor’s testimony demonstrated his familiarity with Citi’s record-keeping system and the process for uploading payment information.
Lastly, the case before us was a bench trial. The trial judge was charged with evaluating not only the quality and substance of the evidence but also the believability of the witnesses. Section 90.803(6)(a) establishes that once counsel has elicited an appropriate foundation from the records custodian and that the records are kept in the ordinary course of business, the trial court may then admit the records “unless the sources of information or other circumstances show a lack of trustworthiness.” § 90.803, Fla. Stat. (2012) (emphasis added). There is no evidence in the record that Mr. Windsor’s testimony was untrustworthy.
Finding no error in the trial court’s admission of the bank records, the final judgment is affirmed.

Affirmed.

WARNER and LEVINE, JJ., concur.