# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-910
Lower Tribunal No. 10-1911
_____

**Bank of America, N.A., etc.,**
Appellant,

vs.

**Brian D. Delgado, et al.,**
Appellee.

Appeal from the Circuit Court for Miami-Dade County, Judith L. Kreeger, Judge.

Liebler, Gonzalez & Portuondo, and Alan Pierce, J. Randolph Liebler, Tricia J. Duthiers, Jeremy Roth and Mary J. Walter, for appellant.

Graham Legal, P.A., and H. Dillon Graham, III, for appellee.

Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

SCALES, J.

In this foreclosure action, Bank of America ("the Bank") appeals a final judgment entered in favor of the Appellees, Mr. and Mrs. Delgado ("the

Borrowers"), on the basis that the Bank failed to prove the amount due on the note.[1]

The Bank argues that it was thwarted from proving the amount of indebtedness because the trial court improperly excluded the loan payment history from evidence. For the reasons stated below, we agree with the Bank, reverse the final judgment, and remand for a new trial.

## I.    Factual Background

On July 25, 2005, the Borrowers executed a mortgage and promissory note in the amount of $247,000. On January 13, 2010, the Bank filed a complaint to foreclose on the mortgage. The complaint alleged that the Borrowers defaulted on June 1, 2009, and made no subsequent loan payments.

The matter proceeded to a nonjury trial on March 7, 2013. The trial court received the original note and mortgage into evidence, without objection. The Borrowers objected, however, when the Bank sought to lay a foundation for admission of the loan payment history as a business record.

The Bank called Mary Davis as a witness; Davis is a mortgage resolution associate with the Bank who began working for the Bank in 2012. Prior to trial,

---

[1]At the conclusion of the Bank's case, the trial court entered a final judgment for the Borrowers, stating, "[i]f the evidence before the court is not sufficient to sustain the plaintiff's case, then I have no alternative but to do something different." Borrowers' counsel responded, "[i]f the plaintiff rests we ask the court to enter a judgment for the defendant." The trial court replied, "I'll do it."

Hence, the trial court's final judgment was entered consistent with, and pursuant to, Florida Rule of Civil Procedure 1.420(b), and constitutes an involuntary dismissal with prejudice of the Bank's case.

Davis reviewed the mortgage, the note, the loan payment history, and the breach letter the Bank sent to the Borrowers in July 2009.

Davis testified that the Bank began servicing the loan in August 2005, when it received the collateral file. According to Davis, pursuant to the Bank's policies and procedures, the person with the most knowledge of the subject loan payments recorded the loan payment entries in the system at or near the time the payments occurred. Davis explained that this type of loan payment information is kept and maintained in the Bank's ordinary course of business. Further, Davis testified that she reviewed the loan payment history for the Borrowers' loan and was able to confirm the accuracy of the payment entries appearing on the proffered loan payment history.

After laying this foundation, the Bank attempted to introduce the loan payment history into evidence. The Borrowers objected on the basis that Davis was not qualified to testify as to the policies and procedures of the Bank dating back to 2005, because Davis did not begin working for the Bank until 2012. The trial court sustained the Borrowers' objection, and did not allow the payment history into evidence.

The Bank then called Mr. Delgado to the stand. Mr. Delgado admitted that he last made a mortgage payment to the Bank in June of 2009. When asked

3

whether he owed $228,004.26 on the loan, Mr. Delgado answered, "I'm sure it is in that vicinity, I just don't know exactly."

At the close of the Bank's case, the trial court entered final judgment for the Borrowers. The Bank filed the instant appeal.

## II.    Analysis

### A. *Elements of the Bank's Case*

Foreclosure plaintiffs must show: (1) an agreement; (2) a default; (3) an acceleration of debt to maturity; and (4) the amount due. Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825, 826 (Fla. 3d DCA 2014) (citing Ernest v. Carter, 368 So. 2d 428, 429 (Fla. 2d DCA 1979)). The trial court determined that the Bank had not established the fourth element required to make its prime facie foreclosure case.[2]

"It is axiomatic that the party seeking foreclosure must present sufficient evidence to prove the amount owed on the note." Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 281 (Fla. 2d DCA 2014). Generally, "a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed on the mortgage." Id.

---

[2] The Bank introduced the original note and mortgage into evidence without objection (element 1). Mr. Delgado admitted on the stand that at some point he stopped making payments (element 2). The Bank accelerated repayment of the loan by filing the complaint (element 3).

B.  *Loan Payment History as a Business Record*

Under section 90.803(6), Florida Statutes, business records may be admitted if the proponent of the evidence demonstrates the following through a records custodian or other qualified person:

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

Weisenberg v. Deutsche Bank Nat'l Trust Co., 89 So. 3d 1111, 1112 (Fla. 4th DCA 2012) (quoting Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008)). "While it is not necessary to call the individual who prepared the document, the witness through whom a document is being offered must be able to show each of the requirements for establishing a proper foundation." Mazine v. M & I Bank, 67 So. 3d 1129, 1132 (Fla. 1st DCA 2011).

With regard to the requirements for admitting the loan payment history into evidence, Davis testified:

> [O]ur policies and procedures are the person with the most knowledge creates these [loan payment] entries at or near the time that the events [of payment or nonpayment] occur. If someone makes a payment the person with the most knowledge puts the information into our system and that person is supervised and trained. Our policies and procedures require that person to put the information in at or near the time the events occur.

Davis testified that this information is kept and maintained in the ordinary course of business. Additionally, Davis explained, "the Department who handles the payment process inputs the payments that are received and updates the system with those entries."

Davis reviewed the history of the loan prior to testifying in court. By reviewing the system and database, Davis was able to see all the correspondence regarding the loan. Davis was able to confirm that the entries were made at the time the events occurred because they corresponded with the date stamps of the entries. Davis could not identify any reason to believe the entries in the payment history were inaccurate.

## C. *Trial Court's Ruling*

When asked whether Davis knew if the Bank's policies and procedures have changed since 2005, Davis answered, "I do not know." Since Davis did not begin working for the Bank until 2012, the trial court effectively disqualified Davis as a foundational witness, and determined that the Bank had not met the requirements for admission into evidence of the loan payment history as a business record.[3]

## D. *Standard of Review*

---

[3] Borrowers' counsel: "We object. . . . She's [Davis] testified that she doesn't know what the policy was before 2012." The trial court: "Exactly. Exactly. That's your problem. That's your problem right there."

Generally, appellate courts review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. See, e.g., Sas v. Fed. Nat'l Mortg. Ass'n, 112 So. 3d 778, 779 (Fla. 2d DCA 2013). However, a "[trial] court's discretion is limited by the evidence code and applicable case law. A [trial] court's erroneous interpretation of these authorities is subject to de novo review." Olesky ex rel. Estate of Olesky v. Stapleton, 123 So. 3d 592, 594 (Fla. 2d DCA 2013) (quoting Sottilaro v. Figueroa, 86 So. 3d 505, 507 (Fla. 2d DCA 2012), *review denied*, 103 So. 3d 139 (Fla. 2012)).

Here, we are called upon to review the trial court's application of the hearsay rule's business records exception, i.e., the trial court's interpretation of the law. Hence, we review the trial court's interpretation of the law de novo.

### E. *Our Holding*

Contrary to the trial court's interpretation of the business records exception, the exception does not contain a requirement that the foundational witness be "in the employ of the business to which it relates at the time of its making, so long as he understands the system." 34 Am. Jur. Proof of Facts 2d 509 (1983) (citing 4 Weinstein's Evidence ¶803(6)[02])). Although Davis was not "in the employ" of the Bank "at the time" all of the entries were made on the loan payment history, Davis's testimony showed that she had personal knowledge of, and understood, the Bank's record-keeping system.

Davis was able to establish: (1) when the records were made; (2) that the information contained in the records was derived from a person with knowledge of such information; (3) that such records were kept in the Bank's ordinary course of business; and (4) that it was the regular practice of the Bank to make such records. See, e.g., Weisenberg, 89 So. 3d at 1112 (finding business records exception satisfied where bank's witness was a supervisor at bank's servicing agent with personal knowledge of bank's internal process for applying loan payments and calculating balances, and who was familiar with bank's record-keeping system, and knew how payment data was uploaded from bank's computer system to servicing agent's system).

## III.   Conclusion

We thus conclude that Davis's testimony established the necessary foundation for admitting the loan payment history into evidence as the Bank's business record. As such, the trial court reversibly erred when it excluded the loan payment history.

Reversed and remanded for a new trial consistent with this opinion.