Gross, J.
Appellant Ronmika Lashelle Coates appeals her conviction and sentence for grand theft. She argues the trial court erred in admitting a state exhibit under the business records exception to the rule against hearsay. Because the exhibit was not made at or near the time of the incident nor was it made as part of a regular business practice, we reverse and remand for a new trial.
On December 15, 2014, appellant was apprehended by Home Depot’s asset protection team after one of the security employees observed her put numerous items in her purse and attempt to leave the store without paying for them. After she was stopped, the security employee entered information about the items taken, including SKU number, price, and quantity, into the store’s case management system in accordance with standard operating procedure.
At trial, during the asset protection manager’s testimony, the state sought to admit a list of the stolen items, along with a business record certification that had been signed and notarized by the manager. The list was dated September 25, 2015, which was 4 days before trial. The manager testified that the information in the list was compiled the day of the incident, by the asset protection employee who observed and apprehended appellant, that the information was kept in the ordinary course of business, and that it was Home Depot’s regular practice to keep the record. Appellant timely objected to the list.
On voir dire by appellant, the manager clarified that, while the information contained in the list was compiled the day of the incident, this particular list was created several days before trial, at the prosecutor’s request.
Before ruling, the trial court conducted its own inquiry. The court’s questions focused on the information contained in the list. The manager confirmed that the information was kept and maintained in the ordinary course of business on the date of the incident and was retrieved from Home Depot’s case management system, and that he had knowledge as to how the information was prepared in the system. The manager further testified that the total value of stolen items on the list was a true and accurate reflection of the value of the stolen property on the date of the incident. Appellant maintained her hearsay objection.
The trial court overruled appellant’s objection, finding that the business records exception was met “as to the information contained in the line items.” It found that it was “a compilation of data maintained by the corporation on that date, and it’s been testified to by a person who is either the records custodian or someone with knowledge of that.”
*1050 Appellant argues the trial court erred in admitting the list as a business record because it was neither made at or near the time of the incident nor was it created as part of Home Depot’s regular business practice.
Florida’s business records exception to the rule against hearsay is codified in section 90.803(6), Florida Statutes (2015). It includes any
memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation ....
Id, To have a record admitted under this exception
the proponent must show that (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.
Yisrael v. State, 993 So.2d 952, 956 (Fla. 2008). “If evidence is to be admitted under one of the exceptions to the hearsay rule, it must be offered in strict compliance with the requirements of the particular exception.” Id. at 957 (quoting Johnson v. Dep’t of Health & Rehab. Servs., 546 So.2d 741, 743 (Fla. 1st DCA 1989)).
A business record “is reliable because it is of a type that is relied upon by a business in the conduct of its daily affairs and the records are customarily checked for correctness during the course of the business activities.” Charles W. Ehrhardt, Florida Evidence § 803.6, at 890 (2006 ed.). Computer printouts, like business records, are admissible “if the record custodian or other qualified witness is available to testify to the manner of preparation as well as the reliability and trustworthiness of the record.” Id. at 911; see also Jackson v. State, 877 So.2d 816, 818 (Fla. 4th DCA 2004) (“The fact that the information was printed out at the request of a party does not ‘deprive the printouts of its business-record character.’ ”) (quoting United States v. Fujii, 301 F.3d 535, 539 (7th Cir. 2002)). Indeed, it has become common practice in foreclosure cases to admit properly authenticated loan payment history printouts as business records. See Cayea v. CitiMortgage, Inc., 138 So.3d 1214, 1217 (Fla. 4th DCA 2014).
Here, the state did not seek to introduce a printout of the information entered by the security guard on the day of the incident. Instead, it offered a list cobbled together by the asset protection manager several days before trial at the state’s request, from the information entered by the security guard on the day of the incident. The list was thus created “exclusively for the purpose of the instant prosecution.” Yisrael, 993 So.2d at 957. As such, it lacked the indicia of reliability and trustworthiness required of an exhibit seeking admission as a business record.
We therefore reverse appellant’s conviction and sentence and remand for a new trial. See Lassonde v. State, 112 So.3d 660 (Fla. 4th DCA 2013).
Ciklin, C.J. and Kuntz, J., concur.