301 So.2d 473 (1974)
Stoddard PICKRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-25.
District Court of Appeal of Florida, Second District.
September 27, 1974.
Rehearing Denied November 1, 1974.
James A. Gardner, Public Defender, Sarasota, and Robert T. Benton, II, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
The appellant, Stoddard Pickrell, was charged by information with possession of LSD. A trial by jury resulted in a verdict of guilty and the appellant was sentenced to three years imprisonment, with credit for time served. This timely appeal followed. On appeal, Pickrell assigns three errors, we have considered each of them *474 but conclude that only one merits discussion.
An undercover agent of the Sarasota Police Department testified that he purchased the contraband in question from the appellant; that he was in an automobile with the appellant from five to ten minutes; that he had written the vehicle tag number of the car in which the purchase was made immediately after the buy, and that he had placed that information in a "baggie" with the LSD. He testified further that the "baggie" was given to Officer Cooley who testified as a witness for the state that he had telephoned the Sarasota Police Department to have them teletype Tallahassee for the name of the owner of the vehicle. Officer Cooley further testified that the tag was identified as belonging to appellant. Timely objection to this testimony was made on the ground that it was hearsay.
We agree with the appellant's contention that this testimony was clearly inadmissible. Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product. United States v. Russo, 6th Cir., 1973, 480 F.2d 1228; Mastan Co. v. American Custom Homes, Inc., Fla.App.2nd, 1968, 214 So.2d 103. The case sub judice reveals no such verification was attempted nor was a sufficient predicate adduced for the introduction of such testimony.
The direct identification of the appellant by the undercover agent, considered separate and apart from the vehicle identification, is of such quality that the jury could have found, as it did, that appellant was guilty as charged in the information. Accordingly, we conclude that in light of the record the complained-of error is considered to be harmless. See Section 924.33, Florida Statutes; Butler v. State, 94 Fla. 163, 113 So. 699 (1927).
The judgment and sentence rendered by the trial judge are
Affirmed.
HOBSON, Acting C.J., concurs.
GRIMES, J., dissents with opinion.
GRIMES, Judge (dissenting):
Appellant and five other persons testified that appellant was watching a football game on television in Plant City at the time the sale of LSD was alleged to have been made in Sarasota. Yet, the undercover policeman identified appellant as the person from whom he purchased the LSD. Therefore, there was competent substantial evidence upon which the jury could have found appellant guilty, and absent the hearsay testimony concerning the license tag identification, I would affirm the conviction.
The majority opinion holds that the admission of this evidence, even though error, was harmless. With this conclusion I cannot agree. The jury was faced with the problem of trying to resolve who was telling the truth. The inadmissible evidence concerning the license tag had the effect of corroborating the officer's testimony. I cannot see how it can be said that the erroneous admission of this evidence was harmless. It may well have tipped the scale. I believe the standard for determining if improperly admitted evidence constitutes reversible error is whether such evidence might reasonably have affected the outcome of the case. See Perper v. Edell, Fla. 1949, 44 So.2d 78. The standard is not whether there was other evidence in the record sufficient to support the verdict.
I respectfully dissent.