532 So.2d 1121 (1988)
SPECIALTY LININGS, INC., Appellant,
v.
The B.F. GOODRICH COMPANY, Appellee.
No. 87-1847.
District Court of Appeal of Florida, Second District.
October 21, 1988.
Raymond T. Elligett, Jr. and William A. Gillen, Jr. of Shackleford, Farrior, Stallings and Evans, P.A., Tampa, for appellant.
Diana L. Fuller of Smith & Fuller, P.A., Tampa, for appellee.
RYDER, Acting Chief Judge.
This is an appeal from a final judgment in appellee's favor on appellee's cross-claim against appellant. Appellant contends that the trial court abused its discretion when it held that a proper predicate was laid for the admission of a computerized monthly billing statement as a business record under the business records exception to the hearsay rule. We agree.
Section 90.801, Florida Statutes (1987), defines hearsay as: "[A] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Section 90.803, Florida Statutes (1987), lists the exceptions to the hearsay rule. Among the exceptions to the hearsay rule is the business records exception. § 90.803(6), Fla. Stat. (1987). The business records exception provides:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or date compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness.
"Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974). "In order to prove a fact of evidence of usual business practices, it must first be established that the witness is either in charge of the activity constituting the usual business practice or is well enough acquainted with the activity to give the testimony." Alexander v. Allstate Insurance Company, 388 So.2d 592, 593 (Fla. 5th DCA 1980). The trial judge has "broad discretion in determining if the evidence *1122 adduced laid the proper foundation for reception under section 92.36(2), Florida Statutes, F.S.A. [Business Records Exception]." The Mastan Co., Inc. v. American Custom Homes, Inc., 214 So.2d 103, 111 (Fla. 2d DCA 1968).
In the instant case, Peabody Process Systems, Inc. brought this suit against appellant, appellee and a third defendant. Appellee filed a cross-claim against appellant and the other defendant alleging appellant owed appellee $202,110.89 for products appellee sold to appellant.
To prove its cross-claim, appellee relied upon a computerized monthly billing statement. The statement was introduced through the testimony of Edwin L. Darby, appellee's general manager of its general sheet products department. On direct examination, Darby testified that the computerized statement was "our statement that we send to our customers every month to give them the bill for the products they bought from us." Darby testified that the statement reflected that appellant owed appellee $202,272.26.
On cross-examination, when Darby was asked about who prepared the computerized statement, Darby testified:
A. This would be done by our computer services people, our MRS, our invoicing accounting people.
Q. That is an entirely separate group from your department, is it not?
A. They report to our organization, yes. They provide the services for our business.
Q. But as far as sending invoices and taking care of accounts receivable, that's done by an accounting group as opposed to your group?
A. That's correct.
Q. Neither you nor anyone directly under your supervision prepares invoices though of this nature; is that correct?
A. That's correct.
Q. As far as the underlining documents of that summary, are you familiar with those documents at all?
A. Familiar with these documents?
Q. I believe they are  this invoice purports to represent a number of transactions back and forth?
A. Oh, yes.
Q. Are you familiar in any detail with any of those transactions other than it purports to be 
A. No, I'm not.
Q. And if there was any basis for dispute about whether a particular invoice was due are (sic) not due, you would have no particular knowledge about this?
A. No, sir, I would not.
The trial court abused its discretion when it held that Darby's testimony laid a proper predicate for admission of the computerized statement. Darby was not the custodian of the statement. Pickrell at 474. He was not an otherwise qualified witness. Id. Darby was not "in charge of the activity constituting the usual business practice." Alexander at 593. He admitted that neither he nor anyone under his supervision prepared such statements. Darby was not "well enough acquainted with the activity to give the testimony." Id. He admitted that he was not familiar with any of the transactions represented by the computerized statement. He also admitted that he would have no knowledge about whether a particular invoice was due or not due.
Because Darby was not a qualified witness, his testimony did not lay a proper predicate for admission of the computerized statement. Without a proper predicate being laid for admission of the computerized statement, the computerized statement which formed the basis of appellee's cross-claim was inadmissible hearsay. The trial court abused its discretion when it admitted the statement. Consequently, we must reverse the judgment on the cross-claim and remand for a new trial.
REVERSED.
HALL and PARKER, JJ., concur.