ROTHENBERG, Judge.
The plaintiffs, Natividad de Jesus Zuni-ga and Roger Omar Nunez, appeal from an adverse final judgment entered in favor of the defendant, Chad Clifford Eisinger, following a jury trial on the issue of liability. We affirm.
The plaintiffs contend that the trial court abused its discretion in denying their motion for new trial based on several statements made by defense counsel during closing argument. Although the plaintiffs’ trial counsel failed to object contemporaneously to the argument they now claim was improper, by raising the issue in their motion for new trial, the plaintiffs have sufficiently preserved the issue for appellate review. See Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010, 1027 (Fla.2000)(holding that a civil litigant may not seek appellate review based upon an improper unobjected-to closing argument unless the litigant raises a challenge to the argument in its motion for new trial).
In Murphy, the Florida Supreme Court established the appropriate standard of review when determining whether a civil litigant is entitled to a new trial based on unobjected-to statements made by opposing counsel during closing argument. The civil litigant must challenge the argument in the trial court by way of a motion for new trial, id. at 1027; establish that the argument was improper, id. at 1029; demonstrate that the argument was incurable, id. at 1030; and establish that the argument “so damaged the fairness of the trial that the public’s interest in our system of justice requires a new trial.” Id. at 1030. Based on this standard of review and our thorough review of the record on appeal, including the transcript of defense counsel’s closing argument and the plaintiffs’ motion for new trial, we conclude that the trial court did not abuse its discretion in denying the plaintiffs’ motion for new trial. Id. at 1030-31 (“On appeal, the appellate court must ... apply an abuse of discretion standard in reviewing either the trial court’s grant or denial of a new trial based on the unobjected-to closing argument.”).
The plaintiffs also contend that the trial court abused its discretion in allowing the introduction of the video deposition of the Director of Traffic Control for Miami-Dade County, which included testimony regarding certain Miami-Dade County traffic signal reports and intersection timing data records, as the plaintiffs claim these reports and records were inadmissible hearsay. The plaintiffs, however, did not object to the introduction of this deposition nor object to the introduction of the reports and records as inadmissible hearsay, and consequently have waived this argument on appeal. See Fittipaldi USA, Inc. v. Castroneves, 905 So.2d 182, 185 (Fla. 3d DCA 2005)(“Generally, to preserve an issue for appellate review, counsel is required to object contemporaneously with the offered testimony.”); see also State, Dep’t of Highway Safety & Motor Vehicles v. Pipkin, 927 So.2d 901, 903 n. 1 (Fla. 3d DCA 2005)(holding that because complaining party did not raise hearsay objection, the issue may not be considered on appeal).
*637 Moreover, even if the plaintiffs had preserved their objections to this testimony, our ruling would be the same, as we conclude that the witness’ testimony was properly admitted. See Jackson v. State, 877 So.2d 816, 817-18 (Fla. 4th DCA 2004)(holding that “[c]omputer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product”)(quoting Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974)); Specialty Linings, Inc. v. B.F. Goodrich Co., 532 So.2d 1121, 1121 (Fla. 2d DCA 1988).
Lastly, the plaintiffs argue that the trial court abused its discretion in granting the defendant’s request to bifurcate the trial as to liability and damages. We disagree. In the motion to bifurcate, the defendant argued that the issue of liability was hotly contested, and if tried only on this issue, the trial would take approximately three to four days, whereas if tried as to both liability and damages, the trial would take approximately six to seven days. The defendant further explained that following the trial on liability, “this case will most likely resolve one way or the other.” The trial court granted the motion to bifurcate.
On appeal, the plaintiffs argue that by granting the motion to bifurcate they were unduly prejudiced because Natividad de Jesus Zuniga (“Ms. Zuniga”) suffered a brain injury as a result of the automobile accident, and therefore, she was unable to give an ample explanation of what occurred. As the record on appeal does not indicate that the plaintiffs either filed a response opposing the motion to bifurcate or objected to the bifurcation, the issue was not preserved for appellate review.
Nonetheless, the record demonstrates that the trial court addressed the plaintiffs’ concern. Prior to the commencement of Ms. Zuniga’s testimony, the trial court explained the following to the jury:
I would not have ordinarily given you any information about the case, but because we’re bifurcating this case, you’re not going to hear any medical evidence.
And the plaintiffs attorney and the plaintiff believe that it is important for you — and I’ve always obviously agreed — it’s important for you to understand Ms. [Zuniga’s] physical and mental issues because part of weighing the evidence is not only to listen to what a witness has to say but to look at how they answer, measure their demeanor, and how they respond, and in that way also make a decision as to whether what is being said to you or not is the truth.
So this information is given to you not to evoke sympathy but to explain the manner in which Ms. [Zuniga] is testifying.
When considering Ms. Zuniga’s testimony, you need to be aware of the injuries suffered by the plaintiff in this accident in that said injuries may have an effect on Ms. Zuniga’s ability to recall the events.
After explaining the numerous injuries suffered by Ms. Zuniga as a result of the automobile accident, the trial court explained:
These injuries affect Ms. Zuniga in the following manner: Loss of memory, vertigo at least twice a day — that means dizziness — double vision whenever she looks to the right without her glasses, disorientation, permanent loss of sensation of left hand. She’s suffered six or seven seizures requiring medical attention since the accident, suffers from minor seizures during her sleep once every two months which do not require hospitalization. She’s unable to drive. She suffers from severe headaches and is *638 bedridden three to four times a week due to those headaches. These headaches are associated with the pain in her eyes. She takes Dilantin three times a day, and it does make her sleepy.
Let me remind you, this is not meant to invoke any sympathy. You’re not here to decide whether she has or doesn’t have those injuries, and you’re to take that into account only insofar as you’re judging her credibility while testifying and her memory of the events of the day in question.
Therefore, on the merits, we find that the plaintiffs were not unduly prejudiced, and that the trial court did not abuse its discretion in granting the motion to bifurcate. See Barker v. State, 877 So.2d 59, 62 (Fla. 4th DCA 2004)(“A trial court’s decision to bifurcate is generally subject to an abuse of discretion standard of review.”).
Accordingly, we affirm.