CASANUEVA, Judge.
Charles H. Channell, Jr., challenges the final judgment of foreclosure entered by the trial court following a bench trial. He asserts numerous issues, including the sufficiency of Deutsche Bank National Trust Company’s evidentiary foundation for the admissibility of its purported business records. We conclude that the evidentiary issue is meritorious as to the documents admitted to establish the amount due, and we reverse for further proceedings,
Deutsche Bank commenced a mortgage foreclosure action against Mr. Channell in September 2010, based on an adjustable rate mortgage executed on September 27, 2007. Trial commenced on Deutsche *1019 Bank’s second amended complaint on April 22, 2014. The only witness called by Deutsche Bank was a loan analyst employed by Ocwen, the loan servicer at the time of trial. No questions were asked, and no testimony was offered, as to whether the business records Ocwen obtained from a prior servicer, HomeEq Corporation, had in any manner been reviewed, checked, or verified for accuracy, nor was any testimony, provided as to how the information was integrated with Ocwen’s records. Mr. Channell’s counsel objected to the admission of the loan transaction history based on hearsay and lack of foundation. The objections were overruled and the records were received in evidence.[1]
We review a trial court’s ruling on admissibility of evidence for an abuse of discretion. Sas v. Fed. Nat’l Mortg. Ass’n, 112 So.3d 778, 779 (Fla. 2d DCA 2013). Florida’s evidence code permits the admission of “records of regularly conducted business activity” as an exception to the bar on hearsay admissibility. § 90.803(6), Fla. Stat. (2014). In laying the foundational predicate to admissibility of business records, the proponent shall provide evi-dentiary proof
(1) that the record was made at or near the time of the event, (2) that it was made by or from information transmitted by a person with knowledge, (3) that it was kept in the ordinary course of a regularly conducted business activity, and (4) that it was a regular practice of that business to make such a record.
Bank of N.Y. v. Calloway, 157 So.3d 1064, 1073 (Fla. 4th DCA 2015) (citing Yisrael v. State, 993 So.2d 952, 956 (Fla.2008)). Where the record is in the form of computer or electronic records, such as a computerized loan transaction history, the foundational witness ought to possess knowledge of the record-keeping system. See Bank of Am., N.A. v. Delgado, 166 So.3d 857, (Fla. 3d DCA May 6, 2015). Further, where the witness called to testify is not the person who prepared the purported business record, the witness must demonstrate knowledge of each of these requirements for admissibility. Calloway, 157 So.3d at 1069; Hunter v. Aurora Loan Servs., LLC, 137 So.3d 570, 573 (Fla. 1st DCA 2014).
We conclude that the foundation laid in this instance was woefully inadequate. In reaching that conclusion, we find two cases to be particularly instructive: Calloway, 157 So.3d 1064, and WAMCO XXVIII, Ltd. v. Integrated Electronic Environments, Inc., 903 So.2d 230 (Fla. 2d DCA 2005). “The rationale behind the business records exception is that such documents have a high degree of reliability because businesses have incentives to keep accurate records.” Calloway, 157 So.3d at 1071 (internal quotation marks omitted). Where, as here, a “business takes custody of another business’s records and integrates them within its own records, the acquired records are treated as having been ‘made’ by the successor business, such that both records constitute the successor business’s singular ‘business record.’” Id.
Mere reliance on these records by a successor business, however, is insuffi- *1020 dent to establish admissibility. Id. at 1071-72. More is required. For purposes of the instant appeal, the evidentiary burden could have been established, as in WAMCO, by testimony that the successor servicer had independently confirmed the accuracy of the predecessor’s records. See WAMCO, 903 So.2d at 233. Or, as in Calloway, the burden could have been met by offering evidence that the records were reviewed for accuracy prior to being integrated into the successor servicer’s records system. See Calloway, 157 So.3d at 1072.
In this case, no testimony was offered as to whether the loan transaction records sought to be introduced as business records had been checked or verified in any manner or whether the witness had any knowledge of the prior servicer’s record-keeping system. The record fails to demonstrate that an adequate foundational predicate was established, and the loan transaction records relied on to establish the outstanding debt constituted inadmissible hearsay. See §§ 90.802, 90.803(6); Kelsey v. SunTrust Mortg., Inc., 131 So.3d 825, 826 (Fla. 3d DCA 2014). Because these documents were admitted in error, there is insufficient evidence to support the amount due and owing under the loan. Accordingly, while we affirm the judgment of foreclosure, we must reverse and remand for further proceedings to properly establish the amount due and owing. See Sas, 112 So.3d at 780.
Affirmed in part; reversed in part; remanded.
NORTHCUTT and BLACK, JJ., Concur.

. While we find the issue to be preserved through contemporaneous objection by counsel, we note that, pursuant to Florida Rule of Civil Procedure 1.530(e),
[w]hen an action has been tried by the court without a jury, the sufficiency of the evidence to support a judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.
See Correa v. U.S. Bank Nat’l Ass’n, 118 So.3d 952, 954-55 (Fla. 2d DCA 2013).