DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1,**
Appellant,

v.

**TONI BALKISSOON, DEVI BALKISSOON, TONI R. BALKISSOON, JR., ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS, CITIBANK, N.A., AS SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA, N.A.),** and **TENANT,**
Appellees.

No. 4D14-669

[ February 3, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Judge; L.T. Case No. CACE12017999 (11).

G. Bart Billbrough and Caroline Milewski of Billbrough & Marks, P.A., Coral Gables, for appellant.

Peter Ticktin, Kendrick Almaguer and Juliane A. Murphy of The Ticktin Law Group, P.A., Deerfield Beach, for appellees.

TAYLOR, J.

Wells Fargo Bank, N.A. ("Wells Fargo") appeals the final judgment entered in favor of appellees Toni and Devi Balkissoon after its mortgage foreclosure case was involuntary dismissed at trial. Wells Fargo argues that the trial court erred in excluding evidence of the Balkissoons' loan payment history and the notice of default and acceleration. Because Wells Fargo laid the necessary foundation for admission of this evidence, we reverse and remand for further proceedings.

At trial, appellant presented the testimony of Luis Reyes, an assistant vice-president with Bank of America. Reyes testified that Bank of America was the servicer on the loan at the time of default. He testified that he was trained and familiar with the business practices of Bank of America regarding the receipt and posting of payments on loans and the payment histories generated. He described how, when Bank of America receives payments on the loans, the payments are posted on a servicing system called AS400. The AS400 system contains basic loan information, including the payment history, escrow information, and property address. After receiving a payment, Bank of America makes disbursements for property taxes and insurance. Those disbursements are documented on the AS400 system and reflected in the payment history.

Reyes identified the Bank of America payment history for the subject loan and testified that it reflected the payments received from the borrowers, as well as expenditures made by Bank of America on their behalf. He testified that the payment history record was made at or near the time of the events reflected and by or from information transmitted by persons with knowledge, that it was a record kept in the course of regularly conducted business activity, and that it was the regular practice of Bank of America to make a record of that activity.

When defense counsel objected to admission of the payment history on grounds of lack of foundation, the court allowed him to conduct a voir dire examination. On voir dire, defense counsel elicited testimony that Reyes had never actually worked in the payment posting department and was unable to describe the specific manual act of posting the payment in the computer system because it was not part of his job duties. Defense counsel renewed his objection to admission of the payment history on the ground that Reyes was not familiar with how the payments are posted to the AS400 system. The trial court sustained the objection and excluded the payment history record, based on *Yang v. Sebastian Lakes Condominium Ass'n,* 123 So. 3d 617 (Fla. 4th DCA 2013), and *Glarum v. LaSalle Bank National Ass'n,* 83 So. 3d 780 (Fla. 4th DCA 2011). Wells Fargo's counsel advised that he would not be able to prove default without the payment history and thus proffered the remainder of his evidence for appellate purposes.

Reyes identified the notice of default and acceleration. He explained that every night the AS400 system scans every loan for default. If a loan is in default, then the loan information is transmitted to a vendor over a secure connection. The vendor, Waltz, creates a notice letter, using the transmitted information and a Bank of America template. Waltz sends the notice to the borrower and a copy to Bank of America. This process takes

one to two days.

On cross-examination, Reyes admitted that he was not familiar with Waltz's corporate structure and did not know which department created the notice. Defense counsel objected to the notice of default and acceleration, arguing that Reyes was not sufficiently familiar with Waltz's practices and procedures. After the trial court sustained the objection, defense counsel moved for an involuntary dismissal because Wells Fargo failed to establish default damages or to prove that it fulfilled the conditions precedent to filing suit. The trial court granted the motion, prompting this appeal.

The standard of review for a motion for involuntary dismissal is *de novo. Brundage v. Bank of Am.*, 996 So. 2d 877, 881 (Fla. 4th DCA 2008). An involuntary dismissal is proper "only when the evidence considered in the light most favorable to the non-moving party fails to establish a *prima facie* case on the non-moving party's claim." *McCabe v. Hanley*, 886 So. 2d 1053, 1055 (Fla. 4th DCA 2004) (quoting *Hack v. Estate of Helling*, 811 So. 2d 822, 825 (Fla. 5th DCA 2002)).

In this case, the involuntary dismissal resulted from two evidentiary rulings regarding business records. A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *Yang*, 123 So. 3d at 620. That discretion is limited by the rules of evidence. *Id.*

Pursuant to section 90.803(6)(a), Florida Statutes (2013), for business records to be admitted into evidence "the proponent must show that (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record." *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008).

The foundation necessary for admission of a business record may be established by a records custodian or other qualified witness. § 90.803(6)(a), Fla. Stat. The witness authenticating the records "need not be the person who actually prepared the business records." *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014) (citation and internal quotation marks omitted). Instead, "the witness just need be well enough acquainted with the activity to provide testimony." *Id.*

*Exclusion of the Payment History*

Relying on *Glarum* and *Yang*, the trial court found that Wells Fargo did

3

not lay the requisite foundation for admission of the payment history because Reyes could not explain the mechanics of the posting process. *Glarum* and *Yang* can be distinguished from this case, however, because the witnesses in those cases had little or no knowledge of the practices and procedures of the prior servicer or accountant who produced the records. In *Glarum*, we held that a loan servicer's affidavit was insufficient to prove the amount of indebtedness, because the affiant had no knowledge of how his own company's payment history data was produced. 83 So. 3d at 782. He also admitted that he relied partly on data retrieved from a prior servicer of the loan, with whose procedures he was even less familiar. *Id.* at 783. Because the specialist could not authenticate the data, we held that the affidavit of indebtedness constituted inadmissible hearsay. *Id.*

In *Yang*, we held that the condominium association failed to lay the proper foundation for admission of payment ledgers under the business records exception, because the association's witness could not attest to the accuracy of the starting balances in the records and she was unfamiliar with the practices and procedures of the previous management company's accountant. 123 So. 3d at 621. In contrast, the testimony in this case was being offered by a Bank of America witness about Bank of America's records. No prior entity issue was involved. Reyes worked for Bank of America and testified in detail about Bank of America's practices and procedures for creating the payment history.

Our decision in *Weisenberg v. Deutsche Bank National Trust Co.*, 89 So. 3d 1111, 1112 (Fla. 4th DCA 2012), is more on point. There, in an appeal of a summary final judgment against a borrower in a mortgage foreclosure action, we considered the borrower's argument that there was an insufficient foundation for admission of an affidavit of amounts due and owing. We concluded that the record contained a sufficient foundation for admission of the affidavit because the witness "knew how the data was produced." We explained:

> [The witness] testified that the cashiering department was responsible for collecting and applying payments. Information relating to the servicing of the loans was kept in a program known as the mortgage servicing platform, which she relied on to verify the specific figures in her affidavit. Her testimony demonstrated that she was familiar with the bank's record-keeping system and had knowledge of how the data was uploaded into the system.

*Id.*

4

Similarly in *Cayea*, we held that the bank's witness, who worked in the default research and litigation department, laid the foundation for admission of the defendants' payment history by testifying that:

> [I]t was the regular business practice of Citi to input payments into its system upon receipt and payments were entered into Citi's system, "Citilink," by employees of its payment processing department. He further testified that the payment processing department had two groups—one which monitored electronic payments and one which monitored payments by mail—each of which were responsible for posting their respective payments into the proper account in Citilink. Lastly, the witness testified that such entries were kept in the ordinary course of business activity at Citi and it was the ordinary business practice of Citi to keep individual records for each loan.

138 So. 3d at 1216 (emphasis removed).

In *Peuguero v. Bank of America, N.A.*, 169 So. 3d 1198, 1201 (Fla. 4th DCA 2015), we held that the bank's witness laid the necessary foundation under the business records exception when she testified about the bank's procedure for inputting payment information into the proper computer systems. We stated:

> Although [the witness] was unable to give the precise name for each group in the Bank's structural hierarchy that was responsible for entering various events into the computerized records, she knew that the events/transactions were processed at the time of their occurrence and placed into the Bank's systems, as per standard business practice for the Bank.

*Id.*

Reyes's testimony was similar to that of the witnesses in *Weisenberg*, *Cayea*, and *Peuguero*. He described in detail how payments are received and processed by the payment center through use of the AS400 system. The AS400 system contains basic loan information, including the payment history, escrow information, and property address. Bank of America applies payments it receives to the interest and principal on the loan and then to tax and insurance. The payment center records the allocation of funds in the AS400 system.

5

Reyes also identified the Balkissoons' payment history. He testified that the payment records were made at or near the time the events occurred. The record was made by or from information transmitted by persons with knowledge and kept in the ordinary course of regularly conducted business activity. He also testified that it was the regular practice of the company to make these payment records. Reyes's explanation about how the payment was allocated and recorded on the system was sufficient testimony about how the data was "uploaded" to the system. Although Reyes was not familiar with the mechanics of actually typing the data into the system, there is no requirement that the witness have such knowledge. *See Cayea*, 138 So. 3d at 1217 (explaining that the witness authenticating the records need not be "the person who actually prepared the business records").

Mr. Reyes also demonstrated he had personal knowledge concerning the accuracy of Bank of America's records. He testified about his personal familiarity with the posting of payments and personal knowledge that the employees in the payment center accurately update the payment histories. He testified that he had personally received payments from borrowers, sent them to the payment processing department, and was able to later verify that the payments were properly credited to the proper loan accounts.

*Exclusion of the Default/Acceleration Letter*

Similarly, Reyes demonstrated that he was sufficiently familiar with Bank of America's practice and procedure for generating and sending the default notice to meet the business records exception. He testified that the notice was made at or near the time of the events reflected therein and made by or from information transmitted by people with knowledge. Each night, Bank of America transmitted the information for loans in default to Waltz over a secure connection. Waltz used a Bank of America template to create the notice within two days of receiving the loan information. Waltz did not generate any of the information in the notice. Mr. Reyes testified that the copy of the notice was kept in the ordinary course of Bank of America's regularly conducted business activity and it was the regular practice of Bank of America to make this record. Once Waltz generated the notice and mailed it, Bank of America kept a copy of the notice in its records and made a note of the mailing date.

In sum, Reyes was sufficiently familiar with Bank of America's practices and procedures in creating the payment history and the notice of default and acceleration to lay the necessary foundation for the admission of those documents. Because the trial court erred in excluding these documents

6

from evidence, we reverse the final order of dismissal and remand for further proceedings.

*Reversed and remanded for further proceedings.*

CIKLIN, C.J., and LEVINE, J., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**