DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL MASLAK,**
Appellant,

v.

**WELLS FARGO BANK, N.A., AS TRUSTEE OF WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-PR4,**
Appellee.

Nos. 4D14-4672, 4D14-4673 and 4D14-4707

[April 6, 2016]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; James W. McCann, Judge; L.T. Case Nos. 09-1789CA, 09-1828CA and 09-1808CA.

Tim B. Wright of Wright, Ponsoldt & Lozeau, of Trial Attorneys, L.L.P., Stuart, for appellant.

Benjamin Weinberg and Andrew B. Boese of Leon Cosgrove, LLC, Coral Gables, for appellee.

MAY, J.

The borrower appeals three final judgments of foreclosure. He argues the trial court erred in entering the judgments because the witness for Wells Fargo Bank, N.A. as Trustee of WAMU Mortgage Pass-Through Certificates, Series 2005-PR4 ("Wells Fargo") was unqualified to testify to the payment history. We agree and reverse.

The borrower executed three promissory notes and mortgages to Washington Mutual Bank ("WAMU"). JPMorgan Chase Bank N.A. ("Chase") was the servicer of the loans. WAMU endorsed the notes to Wells Fargo, which became the trustee of the WAMU certificates. The borrower defaulted on the loans. Wells Fargo filed foreclosure complaints against the borrower.

The three cases were consolidated for trial, which resulted in the entry of three final judgments of foreclosure. From these final judgments, the borrower appeals.

The borrower argues the trial court erred in admitting business records because Wells Fargo's witness was not qualified to lay a foundation for their admission. We agree with the borrower regarding the screen shot of the borrower's payment history.

The witness testified that she is a home loan research officer employed by Chase. Her job entails (1) reviewing loans which are the subject of litigation and finding ways to resolve those loans; (2) testifying at trials, hearings, and depositions; and (3) appearing at mediations.

She is familiar with Chase's practices for loan servicing. She reviewed the loan's payment history, note, mortgage, servicing notes and records, and acquisition documents. All of the documents were created and kept in the regular course of business. She began working for Chase in 2011, long after the loan was entered into and the borrower defaulted.

Wells Fargo introduced a certified copy of the limited power of attorney, a copy of the note, and a copy of the mortgage, all of which the witness identified. Wells Fargo then admitted exhibit 9, the payment history for the loan, over the borrower's objection. She testified that the payment history was made at or near the time that payments, credits, or other transactions would have been received. The information was transmitted by persons with knowledge and was kept in the course of Chase's regularly conducted business.

The borrower moved for involuntary dismissal, arguing the payment history and the other documents were hearsay because the witness was unable to lay a proper foundation for their admission. The trial court denied the motion, and subsequently entered final judgments of foreclosure.

The borrower makes the same argument on appeal: Wells Fargo failed to establish a prima facie case for foreclosure because its evidence consisted solely of improperly admitted hearsay.[1] He argues the witness was unqualified to testify about the business practices, procedures, and recordkeeping to lay the foundation for the admission of business records. Wells Fargo responds that its witness testified as to each element required by the business records exception. The borrower replies that the witness simply "regurgitated the magic words," but was unfamiliar with, and had

---

[1] The borrower argues in general that the witness failed to lay the proper foundation for business records, but specifically discusses only the payment history.

2

no knowledge of, how the records were created and kept.

We review the admissibility of evidence for an abuse of discretion, limited by the rules of evidence. *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1216 (Fla. 4th DCA 2014) (citation omitted).

We have previously held that the business records exception allows a party to introduce evidence ordinarily considered inadmissible hearsay if:

> (1) the record was made at or near the time of the event;
>
> (2) was made by or from information transmitted by a person with knowledge;
>
> (3) was kept in the ordinary course of a regularly conducted business activity; and
>
> (4) it was a regular practice of that business to make such a record.

*Sanchez v. Suntrust Bank*, 179 So. 3d 538, 540 (Fla. 4th DCA 2015) (quoting *Peuguero v. Bank of Am., N.A.*, 169 So. 3d 1198, 1201 (Fla. 4th DCA 2015)).

> To lay a foundation for the admission of a business record, it is not necessary for the proponent of the evidence to call the person who actually prepared the business records. The records custodian or any qualified witness who has the necessary knowledge to testify as to how the record was made can lay the necessary foundation. . . . To the extent the individual making the record does not have personal knowledge of the information contained therein, the second prong of the predicate requires the information to have been supplied by an individual who does have personal knowledge of the information and who was acting in the course of a regularly conducted business activity.

*Id.* at 541 (internal citations omitted) (internal quotation marks omitted) (quoting *Landmark Am. Ins. Co. v. Pin-Pon Corp.*, 155 So. 3d 432, 441 (Fla. 4th DCA 2015)).

"In the context of a foreclosure action, a representative of a loan servicer testifying at trial is not required to have personal knowledge of the documents being authenticated, but must be familiar with and have

3

knowledge of *how the company's data [is] produced.*" *Id.* (alteration in original) (emphasis added) (citation omitted) (internal quotation marks omitted). "If a representative of a servicing agent testifying at trial knows how the data was produced, and is familiar with the bank's record-keeping system and ha[s] knowledge of how the data was uploaded into the system, the business records exception is satisfied." *Id.* (alteration in original) (citation omitted) (internal quotation marks omitted).

Wells Fargo correctly asserts that its witness testified as to each element of the business records exception for the admission of the payment history. However, "[t]he fact that a witness employed all the 'magic words' of the exception does not necessarily mean that the document is admissible as a business record." *Id.* (quoting *Landmark Am. Ins. Co.*, 155 So. 3d at 441). What is missing here is testimony about Chase's procedures for inputting payment information into their systems and how the payment history was produced.

Most recently, in *Wells Fargo Bank, N.A. v. Balkissoon*, 183 So. 3d 1272 (Fla. 4th DCA 2016), we affirmed the admission of payment history because a sufficient foundation had been laid for its admission. *Id.* at 1275–77. The witness testified that "[t]he AS400 system contains basic loan information, including the payment history, escrow information, and property address. Bank of America applies payments it receives to the interest and principal on the loan and then to tax and insurance. The payment center records the allocation of funds in the AS400 system." *Id.* at 1276–77. The witness also testified as to each element of the business records exception. *Id.* at 1277.

However, in *Sanchez*, we held that a screenshot was improperly admitted as a business record because the witness had insufficient knowledge to lay the proper foundation for its admission. *Sanchez*, 179 So. 3d at 541–42. "Although the witness had seen screenshots like the one entered into evidence before, *he did not know anything about the process by which they were created, and admitted that the screenshot was not generated by any of the three servicing systems he was acquainted with.*" *Id.* at 541 (emphasis added).

Here, beyond parroting the four elements contained in the business records exception, the witness testified that:

> (1) she is familiar with Chase's practices for loan servicing and Chase keeps detailed records in reference to the loans that it services;

(2) the payment processing department is responsible for the payment history;

(3) she never worked in that department;

(4) she reviewed the payment history because it is a part of Chase's business records;

(5) she printed the payment history and sent it electronically to outside counsel; and

(6) outside counsel brought the copy of the history to court.

The witness did not know whether someone at outside counsel's office changed or modified the document in any way. She failed to testify about how payments were received and processed, Chase's procedures for inputting payment information, or the computer system Chase utilizes. Simply put, she failed to lay a proper foundation for the admission of the payment history into evidence.

Without the payment history, Wells Fargo failed to prove the amounts due and owing. We affirm the judgment of foreclosure, but reverse and remand the case for further proceedings to establish the amounts due and owing. *See Channell v. Deutsche Bank Nat'l Trust Co.*, 173 So. 3d 1017, 1020 (Fla. 2d DCA 2015) (citing *Sas v. Fed. Nat'l Mortg. Ass'n*, 112 So. 3d 778, 780 (Fla. 2d DCA 2013)).

*Reversed and remanded for further proceedings.*

DAMOORGIAN and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***