SILBERMAN, Judge.
Cynthia and Thomas Jackson seek review of a final judgment of mortgage foreclosure which was entered after a bench trial. We affirm but write to explain our conclusion that the testimony at trial provided a proper foundation for the admission of business records into evidence. In so doing, we certify conflict with the Fourth District's decision in *1172 Maslak v. Wells Fargo Bank, N.A., 190 So.3d 656 (Fla. 4th DCA 2016).
Under Florida's evidence code, "[r]ecords of regularly conducted business activity" are admissible as an exception to the rule barring the admission of hearsay testimony. § 90.803(6), Fla. Stat. (2014). This business records exception to the hearsay rule provides for the admission of such records if the proponent provides proof of the following:
(1) that the record was made at or near the time of the event, (2) that it was made by or from information transmitted by a person with knowledge, (3) that it was kept in the ordinary course of a regularly conducted business activity, and (4) that it was a regular practice of that business to make such a record.
Channell v. Deutsche Bank Nat'l Tr. Co., 173 So.3d 1017, 1019 (Fla. 2d DCA 2015) (quoting Bank of N.Y. v. Calloway, 157 So.3d 1064, 1073 (Fla. 4th DCA), review denied, 177 So.3d 1263 (Fla. 2015) ).
A party can lay a foundation for the business records exception in three ways: (1) offering testimony of a records custodian, (2) presenting a certification or declaration that each of the elements has been satisfied,[1] or (3) obtaining a stipulation of admissibility. Yisrael v. State, 993 So.2d 952, 956-57 (Fla. 2008). If the party offers the testimony of a records custodian to lay the foundation, it is not necessary that the testifying witness be the person who created the business records. Channell, 173 So.3d at 1019 ; Specialty Linings, Inc. v. B.F. Goodrich Co., 532 So.2d 1121, 1121 (Fla. 2d DCA 1988). The witness may be any qualified person with knowledge of each of the elements. Channell, 173 So.3d at 1019 ; Specialty Linings, 532 So.2d at 1121. And when the records are computer records, the witness must have knowledge of the recordkeeping system. Channell, 173 So.3d at 1019 ; Specialty Linings, 532 So.2d at 1121.
Once the proponent lays this predicate, the burden shifts to the opposing party to prove that the records are untrustworthy. Love v. Garcia, 634 So.2d 158, 160 (Fla. 1994). If the opposing party fails to meet this burden, then the trial court should admit the business records into evidence. Id. This court reviews a ruling on the admissibility of evidence under the business records exception for an abuse of discretion. Channell, 173 So.3d at 1019.
Household Finance Corp III is the originating lender and the plaintiff below. In 2002, well before the Jacksons executed the mortgage, Household was purchased by HSBC Holdings and became a wholly-owned subsidiary of HSBC. At trial, Household's counsel relied on the testimony of David Birsh, an Assistant Vice President of HSBC, to establish a foundation for the admission of business records establishing the Jacksons' default. Counsel questioned Birsh as follows:
Q. So are you familiar with the business practice of HSBC?
A. Yes, I am.
Q. And is it the regular business practice of HSBC to record acts, transactions, payments, communications, escrow account activity disbursements, events and analysis with respect to the mortgage loan account?
A. Yes, it is.
Q. And are these business records prepared by persons with knowledge of or from information transmitted by persons with knowledge of the acts, transactions, payments, communications, escrow account activity, disbursements and analyses?
*1173 A. Yes.
Q. And are all records made at or near the time the acts, transactions, payments, communications, escrow account activity, disbursements, events and analyses occur?
A. Yes.
....
Q. And are these records maintained by HSBC in the ordinary course of its regular business activity of the mortgage, lending, banking and service activity?
A. Yes, they are[.]
Q. Did HSBC prepare and maintain these records with respect to the subject loan?
A. Yes.
On cross-examination, Birsh described his review of the documents. The Jacksons' counsel asked only one question about Birsh's knowledge of HSBC's recordkeeping system.
Q. And you testified that you're familiar, and I forget the exact language, with the recordkeeping procedures of HSBC. How did you gain that familiarity?
A. Well, I've been there for 25 years. So I've been in the various departments, managed various departments. So I've basically become really familiar with a lot of the different questions. Like cross-training and what have you.
We conclude that this testimony provided a proper foundation for admission of the business records. See Nordyne, Inc. v. Fla. Mobile Home Supply, Inc., 625 So.2d 1283, 1288 (Fla. 1st DCA 1993). In Nordyne, the proponent offered the following testimony to establish a foundation for the admission of business records establishing the amount due from the opposing party:
Nordyne's comptroller testified that, as comptroller, he was responsible for all accounting procedures and financial controls; and that he was the custodian of the books and records of the corporation. He testified that he was familiar with the business records in question, and with the procedures involved in their preparation. He testified that all of the records had been created at or about the time of the events they addressed, by persons who had knowledge of the matters recorded. Finally, he testified that all of the records were kept in the ordinary course of Nordyne's business, and that it was Nordyne's regular practice to prepare such records.
Id. at 1288. The First District concluded that the testimony was sufficient to lay the foundation for the business records and that by ruling to the contrary the trial court "applied an incorrect and overly exacting standard to determine whether the requirements of the business records exception had been satisfied." Id.
The testimony here is comparable to that in Nordyne. Both witnesses were employed in an executive capacity with the company that prepared and maintained the records at issue. Both testified that they were familiar with the practices used to prepare and maintain the business records in question. And both were familiar with the records and provided testimony satisfying each of the elements of the business records exception. Finally, neither witness's testimony was impeached on cross-examination by the opposing party. In fact, Birsh's testimony on cross actually bolstered his testimony on direct by explaining that he gained his knowledge from managing various departments at HSBC for the past twenty-five years. Thus, the trial court did not abuse its discretion in admitting the business records into evidence.
The Jacksons argue that Birsh's testimony was insufficient to satisfy the business records exception because it merely affirmed the statutory language of the *1174 business records exception. They contend that the testimony did not explain how Birsh acquired personal knowledge of HSBC's recordkeeping system or otherwise demonstrate his qualification to lay the predicate for admission of the records. In support of their argument, the Jacksons rely on a decision from the Fourth District holding that analogous "magic words" testimony was insufficient to provide a proper foundation for the business records exception. See Maslak v. Wells Fargo Bank, N.A., 190 So.3d 656 (Fla. 4th DCA 2016).
In Maslak, the foundation witness was a home loan research officer employed by the servicer, JPMorgan Chase Bank N.A. Id. at 658. Her job was to review loans that were the subject of litigation, look for ways to resolve those loans, testify in legal proceedings, and appear at mediations. She testified that she was familiar with Chase's loan servicing practices and had reviewed the payment history which was maintained by the payment processing department. She said she had printed the payment history and electronically transmitted it to the plaintiff's attorney who brought a copy to court. Id. at 660. She also asserted "that the payment history was made at or near the time that payments, credits, or other transactions would have been received. The information was transmitted by persons with knowledge and was kept in the course of Chase's regularly conducted business." Id. at 658.
Despite this testimony, the Fourth District held that the plaintiff failed to lay a proper foundation for the business records exception. Id. at 660. The court compared the witness's testimony to testimony in Sanchez v. Suntrust Bank, 179 So.3d 538 (Fla. 4th DCA 2015), which the court had found insufficient because the witness "did not know anything about the process by which [the records] were created, and admitted that the screenshot was not generated by any of the three servicing systems he was acquainted with. " Maslak, 190 So.3d at 660 (quoting Sanchez, 179 So.3d at 541 ). The court ultimately concluded as follows:
Here, beyond parroting the four elements contained in the business records exception, the witness .... did not know whether someone at outside counsel's office changed or modified the document in any way. She failed to testify about how payments were received and processed, Chase's procedures for inputting payment information, or the computer system Chase utilizes. Simply put, she failed to lay a proper foundation for the admission of the payment history into evidence.
Id.
We do not find Maslak to be persuasive because it fails to take into consideration the shifting burden of proof applicable to the business records exception. See Love, 634 So.2d at 160. The proponent in Maslak elicited testimony of a Chase employee who regularly reviewed home loans and claimed to be familiar with Chase's loan servicing practices. 190 So.3d at 658. Although the Maslak court determined that the employee merely recited the "magic words" of the business records exception, nothing in her testimony suggested she lacked personal knowledge of Chase's recordkeeping system. Id. at 659. Thus, in our view, the employee's direct testimony satisfied the proponent's initial burden of laying the foundation for the business records exception.
At that point, the burden should have been shifted to the opposing party, Maslak, to establish that the employee did not have personal knowledge of Chase's recordkeeping system or was otherwise unqualified to testify as records custodian. Instead, the Fourth District concluded that the proponent needed to make further inquiries to lay a satisfactory predicate for *1175 the business records exception. Id. at 660. As with the trial court in Nordyne, the Fourth District "applied an incorrect and overly exacting standard to determine whether the requirements of the business records exception had been satisfied." Nordyne, 625 So.2d at 1288.
Moreover, the Maslak court has read Sanchez too broadly. The Sanchez court did not hold that the witness's "magic words" testimony was insufficient in itself to lay the foundation for the business records exception. See Sanchez, 179 So.3d at 541. Rather, the Sanchez court considered testimony by the witness which demonstrated that the witness lacked sufficient knowledge to lay the necessary foundation. In this testimony the witness divulged that "he did not know anything about the process by which [the records] were created, and admitted that the screenshot was not generated by any of the three servicing systems he was acquainted with." Id. In fact, the witness acknowledged that he based some of his knowledge on a conversation with another employee. Id. For that reason, the "magic words" testimony was insufficient to support admission of the documents.[2] Id.
Our holding is supported by the fact that Household could have laid the foundation for the business records exception simply by offering into evidence a certification or declaration using the "magic words" of the exception. §§ 90.803(6), 90.902(11). There is no basis for the imposition of a heavier burden on a party choosing to lay the foundation using the alternative method of offering live testimony.
In summary, the testimony of HSBC's Assistant Vice President David Birsh was sufficient to satisfy Household's initial burden to lay the predicate for the business records exception. Once that burden was met, the Jacksons did not show that Birsh lacked the requisite knowledge to testify as the records custodian. Thus, they failed to meet their burden of proving that the records were untrustworthy and inadmissible. Accordingly, the trial court properly admitted the business record evidence, and we affirm the final judgment of foreclosure. We also certify conflict with the Fourth District's decision in Maslak to the extent it is inconsistent with this opinion.
Affirmed; conflict certified.
MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.

See §§ 90.803(6), 90.902(11), Fla. Stat. (2014).

We note that the Sanchez court also found that the bank failed to satisfy its initial burden of laying the predicate under the business records exception because counsel for the bank failed to ask "whether each exhibit was 'made at or near the time of the event' that it described." Sanchez, 179 So.3d at 540 (quoting Peuguero v. Bank of Am., N.A., 169 So.3d 1198, 1201 (Fla. 4th DCA 2015) ).