# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0225
Lower Tribunal No. 18-0217-P

_____

**Mark H. Schofield,**
Appellant,

vs.

**Monroe County, Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Luis Garcia, Judge, and James M. Barton, II, Senior Judge.

Andrew M. Tobin, P.A., and Andrew M. Tobin, for appellant.

Cynthia L. Hall, Senior Assistant County Attorney, for appellee.

Before LINDSEY, MILLER, and GORDO, JJ.

LINDSEY, J.

Appellant Mark H. Schofield appeals from a Final Judgment of Foreclosure stemming from Appellee Monroe County's code enforcement lien, which was recorded in 2011. For the reasons set forth below, we affirm.

## I. BACKGROUND

Schofield purchased the subject property in Key Largo at a foreclosure sale in 1991. In 2010, Monroe County inspectors issued an Unsafe/Unsanitary Referral, which resulted in a May 2010 Notice of Violation. Photographs from 2010 show an abandoned, dilapidated mobile home on the property surrounded by overgrown vegetation and a partially collapsed, decaying fence. Schofield has never lived there.

The Notice contains three violations: (1) Premises to be Mowed; (2) Unsafe Structural Deterioration; and (3) Unsafe Abandoned Coverings. The Notice also specifies the required corrective action for each violation, including directions to contact the County Building Department to obtain permits to demolish or bring the structures up to code.

Schofield did not dispute the violations or challenge the sufficiency of the Notice. Instead, in August 2010, he signed a stipulation agreeing that the violations existed and that the property would be checked for compliance on November 3, 2010. Schofield also agreed that a daily $550 fine may be imposed and recorded as a lien if the property was not brought into

2

compliance. A code enforcement Final Order was entered, which incorporated the stipulation and imposed the $550 fine if the violations were not corrected by the November 3, 2010 compliance date. Schofield did not challenge the Final Order. See § 162.11, Fla. Stat. (2024) ("An aggrieved party . . . may appeal a final administrative order of an enforcement board to the circuit court. . . . An appeal shall be filed within 30 days of the execution of the order to be appealed.").

Schofield failed to comply by the November 3 deadline. On November 19, 2010, he signed a second stipulation extending the compliance deadline to March 17, 2011. Schofield made minor repairs and obtained a demolition permit, but he never demolished the mobile home. When Schofield did not comply by the extended March deadline, the County recorded the code enforcement Final Order, resulting in a lien and a daily $550 fine as of March 18, 2011. See § 162.09(3), Fla. Stat. (2024) ("A certified copy of an order imposing a fine, or a fine plus repair costs, may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator.").

Over the years, Schofield admits he had many conversations with Monroe County employees, and they explained what needed to be

3

corrected. But the property remained largely in its abandoned, dilapidated state, except for occasional lawnmowing or minor repairs. In 2018, the County filed the underlying lien foreclosure action. Schofield filed an Answer, Affirmative Defenses, and Counterclaim, arguing that he had taken some corrective action, his due process rights had been violated, the County's action was barred by laches, and excessive fine.[1]

Following a two-day bench trial, the lower court entered a detailed, 14-page Final Judgment in favor of the County, awarding $2,061,401.74 and ordering a foreclosure sale if the amount was not paid. Schofield filed a timely Motion for Rehearing, and following its denial, he timely appealed.

## II. ANALYSIS

We review factual findings under the competent substantial evidence standard; legal conclusions are subject to de novo review. E.g., Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010). Schofield raises eight primary arguments on appeal, challenging nearly every stage of the code enforcement proceedings going back to 2010. We briefly consider each argument in turn.

### 1. The 2010 Notice of Violation

---

[1] Schofield has abandoned his excessive fine argument on appeal.

Schofield contends that the 2010 Notice of Violation does not contain sufficient facts. We disagree. The Notice sets forth the violations (with citations to the County Code) and the required corrective actions. Specifically, the Notice states, inter alia, that all structures on the property have been deemed unsafe and directs Schofield to contact the Building Department to obtain the necessary permits to ether demolish the structures or bring them up to code. Moreover, Schofield *twice* stipulated to the violations in the Notice, and he failed to challenge the sufficiency of the Notice until *years* later.

## 2. The Stipulations

Schofield argues that the stipulations are void as against public policy because they contain a waiver of his right to appeal. In his Reply Brief, Schofield concedes that this issue is moot because the County has not sought to enforce the waiver.

## 3. The 2010 Code Enforcement Final Order

Schofield contends the Final Order is unconstitutionally deficient because it does not contain findings of fact or conclusions of law. In support, Schofield relies on Hayes v. Monroe County, 337 So. 3d 442 (Fla. 3d DCA 2022). Hayes, however, is distinguishable. In Hayes, the petitioners disputed the code violations and timely challenged the code enforcement

5

final order. Here, Schofield twice stipulated to the violations and did not timely challenge the Final Order.

Schofield further argues that the County failed to introduce a certified copy of the Final Order, so there was no evidence to support entry of the Final Judgment. However, at the bench trial, Schofield stipulated that a certified copy of the Final Order was recorded in the Monroe County records, and the Final Order was introduced as an exhibit without objection.

## 4. The Hearings

Schofield also contends that the code enforcement Final Order is not final because the County was required to hold a "Massey" hearing[2] at which the County must take testimony and must make factual findings. There were two hearings below, one in August 2010 and one in May 2015. The trial court found that Schofield was provided with notice of both hearings, and he did not attend. These findings are supported by competent substantial evidence. Moreover, Schofield waited years before challenging the sufficiency of these hearings.

## 5. The Fines

---

[2] This seems to be a term Schofield coined based on Massey v. Charlotte County, 842 So. 2d 142, 144 (Fla. 2d DCA 2003). Massey appears to simply describe typical code enforcement hearings. Schofield cites no authority, and we are aware of none, that uses the term Massey hearing.

6

Schofield also argues the Final Order did not impose a fine because it incorporated a stipulation that stated a fine "may be imposed."  This ignores the plain language in the Final Order itself, which provides that fines will be imposed if the violations are not corrected by the compliance date:

> In the event the violation(s) are not corrected on **THE COMPLIANCE DATE** . . . fines in the amount of: [list of stipulated fine amounts] for each day beginning on **THE DAY AFTER THE COMPLIANCE DATE** that the Respondent(s) is/are in violation is/are hereby ORDERED.

### 6. The Controlling Ordinance

Schofield argues his due process rights have been violated because the 2010 Notice of Violation does not comply with language from *the current version* of section 6-27(d) of the County Code, which requires the County to provide a "written unsafe declaration specifying the unsafe physical criteria, the suggested methods for abatement or remediation, the time allowed for the abatement or remediation and that the matter will be referred to code compliance after the time prescribed by the building official for that particular declaration."  Schofield did not provide the trial court, and has not provided this Court, with the applicable 2010 version of the ordinance.[3]  But more to

---

[3] After the bench trial, Schofield provided the court with the 2011 version of the ordinance, which does not contain the same language as the current statute.

7

the point, Schofield did not challenge the sufficiency of the May 2010 Notice until raising this argument many years later at the 2023 bench trial in the underlying foreclosure action. See Kirby v. City of Archer, 790 So. 2d 1214, 1215 (Fla. 1st DCA 2001) ("Kirby's as applied constitutional challenge may not be raised for the first time in the foreclosure action.").

### 7. Laches

Schofield argues that the trial court erred in failing to recognize his affirmative defense of laches. See McCray v. State, 699 So. 2d 1366, 1368 (Fla. 1997) ("Generally, laches is a doctrine asserted as a defense, which 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" (quoting Costello v. United States, 365 U.S. 265, 282 (1961))).

The trial court rejected Schofield's laches argument based on the following findings:

> The facts here do not establish either unreasonable delay or prejudice. The County worked with Schofield to repair his vacant, uninhabitable property. Only when efforts failed to obtain compliance with the admitted Code violations did the County initiate this action in 2018, three years after obtaining a court order authorizing the filing of a lien foreclosure action. Schofield did not meet his burden of establishing the laches defense by the greater weight of the evidence.

8

Because the trial court's findings are supported by competent substantial evidence, we affirm on this issue. See, e.g., Reid v. Est. of Sonder, 63 So. 3d 7, 10 (Fla. 3d DCA 2011) ("[I]t is not our function to conduct a de novo review of the evidence, but simply to determine whether there exists in the record competent substantial evidence to support the judgment of the trial court.").

## 8. Sufficiency of the Evidence

Schofield's final argument is that there was insufficient evidence below because the trial court should not have allowed the County to introduce documents and photographs under the business records exception. "As a general rule, '[a] trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.'" Pantoja v. State, 59 So. 3d 1092, 1095 (Fla. 2011) (quoting Blanco v. State, 452 So. 2d 520, 523 (Fla. 1984)).

The County sought to introduce the code compliance file through Cynthia J. McPherson, the Senior Director for Code Compliance. Schofield objected because "the witness has no firsthand knowledge of this document." The County argued that it had laid a sufficient predicate for the business records exception:

9

The witness at the very beginning of her testimony indicated that one of her job responsibilities is to maintain all of the files for Monroe County Code Compliance. This being one of those files. She also indicated that she had reviewed the file in preparation for this trial. So I think she is very qualified. And Your Honor indicated earlier the case law is not that the actual photographer, for that matter, in this case the person who prepared that document. Under the circumstances I believe she has had adequately laid the facts, the predicate facts for business records exception to the hearsay objection.

The trial court agreed with the County and overruled Schofield's objection:

All right. Well, it wasn't formally phrased as a hearsay objection, but the witness has indicated that she's in charge of this file, that this document with the photographs attached are in the file she's got, which will be the files kept since 2010. So I'll overrule the objection.

The trial court did not abuse its discretion in making this evidentiary ruling. See, e.g., Jackson v. Household Fin. Corp. III, 236 So. 3d 1170, 1172 (Fla. 2d DCA 2018), approved, 298 So. 3d 531 (Fla. 2020) ("If the party offers the testimony of a records custodian to lay the foundation, it is not necessary that the testifying witness be the person who created the business records.").

## III. CONCLUSION

For the reasons set forth above, we affirm.

Affirmed.

10