# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1031
Lower Tribunal No. 08-1470
_____

**R.J. Reynolds Tobacco Company**,
Appellant,

vs.

**Ross Dubins, as Personal Representative of the Estate of Josephine Dubins**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

King & Spalding LLP, and Val Leppert, Drew T. Bell (Austin, TX) and William L. Durham II (Atlanta, GA), for appellant.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellee.


Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Affirmed.  See LEA Indus., Inc. v. Raelyn Int'l Inc., 363 So. 2d 49, 52 (Fla. 3d DCA 1978) ("[I]t lies within the trial court's discretion to determine whether admission of . . . business records is justified."); Jackson v. Household Fin. Corp. III, 236 So. 3d 1170, 1172 (Fla. 2d DCA 2018), approved, 298 So. 3d 531, 535-36 (Fla. 2020) ("A party can lay a foundation for the business records exception in three ways: (1) offering testimony of a records custodian, (2) presenting a certification or declaration that each of the elements has been satisfied, or (3) obtaining a stipulation of admissibility"; and "once the proponent lays the predicate for admission of documents set forth in the statute and reflected in our case law, 'the burden shifts to the opposing party to prove that the records are untrustworthy'") (additional quotation omitted); see also § 90.803(3)(a) Fla. Stat. (2023) (providing the following exception to the hearsay rule: "(3) Then-existing mental, emotional, or physical condition.-- (a) A statement of the declarant's then-existing state of mind, emotion, or physical sensation, including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health, when such evidence is offered to: 1. Prove the declarant's state of mind, emotion, or physical sensation at that time or at any other time when such state is an issue in the action. 2. Prove or explain acts of subsequent

2

conduct of the declarant."); <u>Lorillard Tobacco Co. v. Alexander</u>, 123 So. 3d 67 (Fla. 3d DCA 2013).